900 So.2d 200 (2005)
TOURO INFIRMARY
v.
SIZELER ARCHITECTS, a Professional Corporation
No. 2004-CA-0634.
Court of Appeal of Louisiana, Fourth Circuit.
March 23, 2005.
Rehearing Denied April 20, 2005.
*201 James M. Garner, Martha Y. Curtis, Howard T. Boyd, III, Sharonda R. Williams, Sher Garner Cahill Richter Klein McAlister & Hilbe, Rt,L.L.C., New Orleans, Counsel for Plaintiff/Appellee.
Thomas E. Loehn, Charles K. Chauvin, Boggs, Loehn & Rodrigue, New Orleans, Counsel for Defendant/Appellant.
Court composed of Judge CHARLES R. JONES, Judge PATRICIA RIVET MURRAY, and Judge DENNIS R. BAGNERIS Sr.
CHARLES R. JONES, J.
The appellant, DesignTex Group, Inc., appeals the judgment of the district court which granted Touro Infirmary's Motion for Partial Summary Judgment and to Strike Comparative Fault defenses to Plaintiff's Redhibition Claims. After a review of the record before us, we affirm the judgment of the district court.

Facts
Touro Infirmary is a hospital which owns the Woldenberg Nursing Home and Assisted Living Facility located on Behrman Hwy in New Orleans. On or about July 15, 2003, Touro discovered that parts of the facility leaked when it rained. As a result of the leaking, it was discovered that mold and mildew were present on the floors, walls, ceilings, and windows of the facility. In the fall of 2002 and winter of 2003, Touro alleges that substantial remediation and repair took place to correct the mold and mildew problem, but the problem persisted.

Procedural History
Touro filed suit against Sizeler Architects on April 19, 2002, claiming damages for breach of contract and negligence for various alleged design and expenditure problems. However, before focusing on the merits of this appeal we must address the procedural inaccuracies.
Touro amended its petition twice to include additional defendants and claims and damages relating to problems with design and costs of the construction project. Touro subsequently amended its petition a third and fourth time on August 19, 2003 and October 15, 2003, respectively, *202 which included new claims of breach of contract, negligence, rehibition, warranty, and products liability against the various manufacturers/distributors. The Fourth Supplemental Petition named the appellant, DesignTex, as a defendant and alleged that DesignTex as manufacturers/distributor of the vinyl wall covering, is deemed to have known of the defect in its product and is deemed to be in bad faith.
In its answer to the Petition, DesignTex raised an affirmative defense alleging that any damages sustained by Touro were caused by the acts of third parties. On December 12, 2003, Touro filed a Motion for Partial Summary Judgment and to Strike Comparative Fault defenses to Plaintiff's Redhibition Claims. A hearing on the motion was held on January 9, 2004. On January 26, 2004, the district courtwithout specifying reasonssigned the written judgment granting the motion for summary judgment in favor of Touro, and designated the judgment as final and appealable.
DesignTex filed a Petition and Order for Devolutive Appeal which was signed by the district court on January 26, 2004. The trial court designated the judgment as final and stated that it was doing so pursuant to La. C.C.P. Art 1915(B).
In a recent decision by the Supreme Court, R.J. Messinger, Inc. v. Rosenblum, 894 So.2d 1113 (La.03/02/05), the Court held that the proper standard for review of an order designating a judgment as final, when accompanied by explicit reasons by the district court, is whether the district court abused its discretion. Messinger at 1118. Additionally, the court concluded:
If no reasons are given but some justification is apparent from the record, the appellate court should make a de novo determination of whether the certification was proper. Of course, if after examination of the record the propriety of the certification is not apparent, the court of appeal may request a per curiam from the trial judge. Alternatively, the court of appeal could issue a rule to show cause to the parties requiring them to show why the appeal should not be dismissed for failure to comply with La.Code Civ. P. art.1915, when the propriety of the certification is not apparent and the trial court has failed to give reasons for its certification.
The following list of factors, although not exclusive, [FN 13] may be used by trial judges when considering whether a partial judgment should be certified as appealable:
FN 13. We agree with the United States Supreme Court and are reluctant either to fix or sanction narrow guidelines for the lower courts to follow because the discretion "is, with good reason, vested" in the trial courts and because the number of possible situations is great. Curtiss-Wright, 446 U.S. at 10-11, 100 S.Ct. at 1466, [64 L.Ed.2d 1 (1980)].
1) The relationship between the adjudicated and unadjudicated claims;
2) The possibility that the need for review might or might not be mooted by future developments in the trial court;
3) The possibility that the reviewing court might be obliged to consider the same issue a second time; and
4) Miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. Allis-Chalmers, 521 F.2d at 364.
However, the overriding inquiry for the trial court is whether there is no just reason for delay. Courts of appeal, when conducting de novo review in matters where the trial court fails to give explicit reasons for the certification, can *203 consider these same criteria. Our interpretation of article 1915, which holds the certified final judgment is properly before the appellate court even when the trial court fails to give explicit reasons for its determination, is in accordance with La.Code Civ. Pro. art. 5051 which provides "[t]he articles of this Code are to be construed liberally, and with due regard for the fact that rules of procedure implement substantive law and are not an end in themselves."
Id. at 1118.
Because of Messinger, we have determined after our de novo review that this case must be considered as an appeal from a final judgment of the district court.

Discussion
On appeal, DesignTex argues that the district court erred in finding that comparative fault does not apply to claims in redhibition. We disagree.
Appellate courts review the grant or denial of a motion for summary judgment de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181 (La.2/29/00), 755 So.2d 226, 230.
Louisiana Civil Code Art. 2323 paragraphs (A) and (B), titled "Comparative Fault" provides:
A. In any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined, regardless of whether the person is a party to the action or a nonparty, and regardless of the person's insolvency, ability to pay, immunity by statute, including but not limited to the provisions of R.S. 23:1032, or that the other person's identity is not known or reasonably ascertainable. If a person suffers injury, death, or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons, the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death, or loss.
B. The provisions of Paragraph A shall apply to any claim for recovery of damages for injury, death, or loss asserted under any law or legal doctrine or theory of liability, regard less of the basis of liability.
This current version of Article 2323, which was amended and adopted by the Louisiana legislature in 1996, virtually abolished solidary liability among non-intentional tortfeasors and created a pure comparative fault system in Louisiana. In Dumas v. State ex rel. Dept. of Culture, Recreation, and Tourism, XXXX-XXXX, p. 14 (La.10/15/2002), 828 So.2d 530, 538 the Supreme Court stated:
With these 1996 Amendments to Article 2323 and 2324(B) ... the legislature has effected a total shift in tort policy. Prior to the enactment of the amendments, the policy behind Louisiana's tort law was ensuring that innocent victims received full compensation for their injuries. Now, however, Louisiana's policy is that the tortfeasor pays only for that portion of the damage he has caused and the tortfeasor shall not be solidarily liable with any other person for damages attributable to the fault of that other person.
Nevertheless, even though the new comparative fault system apportions fault between respective tortfeasors, our courts have been consistent in not allowing comparative fault to be pled as a defense in an action for redhibition or any other non-tort *204 claim, as comparative fault is a tort based concept, and is thus governed by the laws under the title "Offenses and Quasi Offenses" in the Civil Code.
In Stratton-Baldwin Co. v. Brown, 343 So.2d 292, (La.App. 1 Cir. 2/14/1977), a carpeting and flooring distributor brought suit against the buyer to recover on an open account for carpeting and flooring purchased by the buyer. The buyer reconvened against the distributor for recovery of expenses incurred in remedying the defects in the flooring and carpeting materials, and for damages due to profits lost, business reputation, and mental anguish. The buyer also filed a third party complaint against the manufacturer of the carpeting and flooring. The distributor, in turn, filed a third-party complaint against the manufacturer. The district court entered judgment for the distributor against the buyer; judgment for the buyer in redhibition on its reconventional demand; and judgment for the distributor against the manufacturer. On appeal, the First Circuit held that the buyer's claim was not founded in tort but was predicated upon a contract of sale and in redhibition. In its opinion, the Court stated:
We find in this instance that Brown's claim is not founded in tort or upon a contract.... Rather, we find that Brown's claim is predicated upon a contract of sale as defined in LSA-C.C. Article 2439 .... [W]e hold that the rights and obligations of Brown as purchaser and Stratton as vendor must be determined in the light of the herein-above cited articles governing the contract of sale.
Since the goods sold were admittedly defective, Brown is entitled to relief under the laws governing redhibition. [our emphasis]

In Hostetler v. W. Gray & Co., Inc., 523 So.2d 1359, 1368 (La.App. 2 Cir. 3/30/1988), the purchasers of a lakefront lot in a subdivision brought an action against the vendor and the surveyor demanding rescission of the sale of the lot. The Twenty-Sixth Judicial District Court declined to rescind the sale and to award nonpecuniary damages, but determined that plaintiffs had been damaged and thereby awarded a monetary damage award, constituting a reduction in the sale price, and fees. In addition, the court reduced the damage award by 25% due to the comparative fault of the plaintiffs, and entered judgment in favor of the vendor and against the surveyor for indemnification. The plaintiffs appealed. The Court, held, inter alia, that the application of comparative negligence to reduce plaintiffs recovery was improper. The Court declared:
The trial court applied, comparative negligence and reduced the plaintiffs' recovery by twenty-five percent. Comparative negligence is not a defense in a redhibition suit. A redhibition suit is a contractual action. Comparative negligence may only be asserted in a tort action. LSA-C.C. Art. 2323. The seller/manufacturer in this case ... is guilty of contractual fault rather than delictual fault. Contractual fault has been defined as `the mere avoidance of a conventional obligation,' whereas delictual fault is `the intentional or negligent causing of damages.' [citation omitted] at 546. The underlying transaction in this case is a sale, a type of contract. LSA-C.C. Art. 2439. The relevant conventional obligation in this case is found in LSA-C.C. Arts. 2475 and 2476 which provide that the seller warrants that the thing he sells is free from redhibitory vices.... For breach of this conventional obligation, the code grants the purchaser the remedy of redhibition. Redhibition is thus a remedy for contractual fault, not delictual fault.
Id. at 1368.
DesignTex also relies upon Petroleum Rental Tools, Inc. v. Hal Oil & Gas Co., *205 Inc., 95,1820 (La.App. 1 Cir. 8/22/1997), 701 So.2d 213, in this appeal. In Petroleum Rental Tools, Inc., an oil well was damaged when used casings, supplied by Tadlock, and work strings, which were supplied by the plaintiff, Petroleum Rental, both failed. Hal Oil, the defendant, sued Tadlock in redhibition. Originally, Tadlock was made a third party defendant by Bridges and Associates (the operator's representative, which was engaged to represent Hal Oil in the drilling and completion operations), which alleged that the casing was defective. The district court allotted fault equally between the operator's representative and the supplier of work string, finding them solidarily liable to the oil company, and further finding that the casing was defective and, thus, awarded judgment for cost of the casing alone. (The remedy in a redhibition claim is the cost of the defective item). However, Tadlock was not assigned any fault. The parties appealed.
On appeal, the Court affirmed in part, finding that the operator's representative and the supplier of work string were solidarily liable to the oil company. The supplier and the operator's representative sought writs, and the Supreme Court vacated the judgment of the appeals court and remanded the case with specific instructions to the appeals court to "consider the percentage of fault attributable to Tadlock... as a nonparty to this tort suit pursuant to LSA-C.C.P. Art. 1812." Petroleum at 214. (This article, La. C.C.P. Art. 1812, titled "Special verdicts," concerns written questions submitted to a jury at the behest of a party to a suit to determine fault of another party non party).
On remand, the Court of Appeal concluded that although Tadlock was at fault under La. Civil Code Art. 2323, the court was clear in stating that "[t]here [would] not be further judgment against Tadlock, as Tadlock is a non-party to Hal Oil's tort suit [in reconvention] against Bridges and Petroleum." Id., at 218. Thus, Hal Oil could have pursued a third party demand against Tadlock in tort, but Hal Oil failed to do so and the court would not consider the reduction of the claim under the comparative fault system to render judgment against Tadlock in a tort suit in which they were not made a party. The Court noted "Hal Oil's failure to pursue a claim for loss of the well against Tadlock cannot deprive Bridges and Petroleum of the benefits of a reduction of their liability pursuant to the provisions of La. Civil Code Art. 2323." Id., at 218. Thus, this case is distinguishable, as it too fails to apply comparative fault to reduce damages awarded in redhibition.
In the present case, the Appellant, DesignTex, argues that the plain language of La. Civil Code Art. 2323 is controlling and allows for comparative fault to be applied to reduce liability in a redhibition claim. However, our review indicates that La. Civil Code Art. 2323 applies only to actions based in tort. Furthermore, as stated in Hostetler, "[c]omparative negligence is not a defense in a redhibition suit. A redhibition suit is a contractual action. Comparative negligence may only be asserted in a tort action." Id., at 1368. Therefore, we find DesignTex's argument lacks merit.
Next, DesignTex contends that the district court failed to follow the plain language of the La. Civil Code Art. 2323, and instead, relied upon the location in which the statute is found in the Civil Code in reaching its conclusion. In addition, De-signTex contends that the legislative history does not support the limited application of comparative fault which was imposed by the district court.
Our review of both the statute and case law leads us to the conclusion that comparative fault applies to tort claims, *206 while redhibition is a remedy related to the contract of sale, and not a defense for a tort claim. Furthermore, our Civil Code specifically provides that "[i]n all matters for which no special provision is made in this title, the contract of sale is governed by the rules of the titles on Obligations in General and Conventional Obligations or Contracts." La. Civil Code Art. 2438. The redhibition articles are found in the Civil Code under the title governing "Sales and Conventional Obligations;" thus, redhibition actions must be governed by the laws of sale and contract. Conversely, La. Civil Code Art. 2323 is found among the code articles related to "Offenses and Quasi Offenses," which do not govern sales and contract.
We find that the district court's conclusion is consistent with the case law in determining that comparative fault did not apply to the redhibition claim. Therefore, we find that DesignTex's argument lacks merit.
The next argument offered by DesignTex is that the district court "exaggerated" its distinction between tort and redhibition. DesignTex further argues that Touro's redhibition claim has more in common with a tort claim than an action based in contract. The rationale offered is that if the redhibition claim is governed by the laws of contract, then Touro should be required to produce a contract or other document with legal efficacy evidencing a contractual relationship to prove that a duty was owed by the appellants. The Appellant contends that since "privity of contract" is not required for a redhibition claim, then rehibition is not governed by the laws under contract, but tort.
Although DesignTex presents a clever argument in support of its contention that Touro's claim in redhibition should be characterized as a tort so that comparative fault would apply, we find that this argument, too, lacks merit.
In support of this argument, DesignTex cites, Media Production Consultants v. Mercedes Benz of North America, Inc., 262 La. 80, 262 So.2d 377 (La.5/1/72). In Media Production Consultants, the Supreme Court granted certiorari to review a decision of the Court of Appeal denying the purchaser of an imported Mercedes-Benz automobile warranty rights against Mercedes-Benz of North America, Inc., the American distributor to the dealer. In its opinion, the Supreme Court stated that "Louisiana has aligned itself with the consumer-protection rule, by allowing a consumer without [contractual] privity to recover, whether the suit be strictly in tort or upon implied warranty." Id. at 381, LeBlanc v. Louisiana Coca Cola Bottling Co., 221 La. 919, 60 So.2d 873 (1952). Thus, a contract is not required for recovery in tort or redhibition. The proper inquiry is whether the duty to protect the buyer or consumer is assumed by contract or one assumed as a general obligation owed to all persons.
We conclude that the seller has a duty to protect consumers from defective products, however, that duty is one that is owed to all persons. See La. Civil Code Art. 2520. In the present matter, as a seller, DesignTex had a duty to protect Touro from the defective vinyl wall covering. Accordingly, in the absence of an express contract, the obligation is owed to all persons. Therefore, DesignTex's argument has no merit and the district court did not err in granting Touro Infirmary's Motion for Partial Summary Judgment and to Strike Comparative Fault Defenses to Plaintiffs Redhibition Claims.

DECREE
For the above reasons assigned herein, the judgment of the district court is AFFIRMED.
AFFIRMED.
MURRAY, J., dissents with reasons.
*207 MURRAY, J., Dissents with Reasons.
I disagree with the majority's procedural and substantive findings. Procedurally, I disagree with the majority's finding that this case is appropriately before us on appeal. The majority overlooks the threshold requirement that there be a determination of finality before the trial court can go on to determine if there is any just reason for delay under La. C.C.P. art.1915. LHO New Orleans LM, L.P. v. MHI Leasco New Orleans, Inc., XXXX-XXXX, p. 5 (La.App. 4 Cir. 3/3/04), 869 So.2d 304, 307 (citing Mark Tatum and William Norris, III, Summary Judgment and Partial Judgment in Louisiana: The State We're In, 59 La. L.Rev. 131, 157-58 (1998)). "Although article 1915 dispenses with finality in the sense of completion of the litigation, the judgment rendered must be sufficiently final in that it disposes of the claim or dispute in regard to which the judgment is entered." LHO New Orleans, XXXX-XXXX at p. 5, 869 So.2d at 307.
The judgment at issue in this case does not satisfy the finality standard. The judgment grants the plaintiffs "Motion for Partial Summary Judgment and to Strike Comparative Fault Defenses." As the plaintiffs attorney pointed out to the trial court in opposing that court's decision to certify this judgment as final, the judgment only decides the single legal issue of whether or not comparative fault applies to redhibition claims. The judgment thus does not involve a subject matter that is appropriate for a partial final judgment. For this reason, I would find the judgment at issue inappropriate for an appeal. Nonetheless, for the reasons outlined below, I find the trial court's decision on this legal issue incorrect and would convert this appeal to a writ to reverse the trial court's decision.
In affirming the trial court's finding that comparative fault does not apply to a redhibition claim, the majority pigeonholes a redhibition claim as a contract concept and comparative fault as a tort concept. This pigeonhole reasoning, however, overlooks that the 1996 amendment to La. C.C. art. 2323(B) extended comparative fault to "any action for damages ... asserted under any law or legal doctrine or theory of liability, regardless of the basis of liability." La. C.C. art. 2323(B)(emphasis supplied). As amended, Article 2323(B) has been construed by both the jurisprudence and the commentators to extend comparative fault to redhibition claims. See Petroleum Rental Tools, Inc. v. Hal Oil & Gas Co., 95 1820, 95 1821, p. 7 (La.App. 1 Cir. 8/22/97), 701 So.2d 213, 217-18 (holding that "liability for the redhibitory `defect' qualifies as `fault' under Article 2323 A"); Frank L. Maraist and Thomas C. Galligan, Jr., Burying Caesar: Civil Justice Reform and the Changing Face of Louisiana Tort Law, 71 Tul. L.Rev. 339, 382 (1996). As the commentators note, "[g]iven the breadth of the language of new Article 2323(B), comparative fault may apply not only to a tort action but to a contract claim (including redhibition), a property claim, and perhaps others." Id. (emphasis supplied). As the jurisprudence notes, "[t]o hold otherwise would be to fail to give effect to the phrase in Article 2323 B, `regardless of the basis of liability."' Petroleum Rental, 95 1820, 95 1821 at p. 7, 701 So.2d at 218. I find this construction of La. C.C. art. 2323(B) persuasive.
Accordingly, I would convert this appeal to an application for supervisory writ, grant the writ application, and reverse the trial court's decision. For these reasons, I respectfully dissent.