GAIDRY, J.,
dissents with reasons.
hi respectfully dissent with the opinion of this case in the following respects:
The sole contested issue on this appeal is whether the prescriptive period is one or three years on a Title 23 claim for penalties and attorney’s fees relating to a health care provider’s claim of nonpayment or underpayment for services rendered. While La.R.S. 23:1201(F)(1) allows penalties and attorney’s fees to be assessed against an employer or insurer, “depending on fault,” prescription relating to claims for nonpayment is found in La.R.S. *994 23:1209. This statute, however, does not consider penalties and attorney’s fees; it only considers the payment of the benefits themselves. For this reason we should apply the holding of Craig v. Bantek West, Inc., 2003-2757 (La.App. 1 Cir. 9/17/04), 885 So.2d 1234, writ denied, 2004-2995 (La.3/18/05), 896 So.2d 1004, to the facts of this case and require that a claim for penalties and attorney’s fees be filed within one year of the nonpayment.
|2The statutes providing for penalties and attorney fees are penal in nature and must be strictly construed. Penalties should be enforced only in those instances in which facts clearly negate good faith and just cause in connection with refusal of allowance of compensation. Id., at p. 5. While 23:1201(F)(1) states attorneys fees and penalties can be awarded “based on fault,” 23:1201(F)(2) goes on to say that penalties and attorney’s fees cannot be awarded “if the claim is reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control.” The reasoning of Craig goes hand in hand with the statute. Delictual fault is the intentional or negligent causing of damages. Touro Infirmary v. Sizeler Architects, 2004-0634, p. 7 (La.App. 4 Cir. 3/23/05), 900 So.2d 200, 204. A claim for penalties and attorney fees necessarily implies wrongful conduct for inaction and involves an inquiry into fault as provided in La. R.S. 23:1201(F)(1). Craig v. Bantek West, Inc., 2003-2757, p. 5 (La.App. 1 Cir. 9/17/04), 885 So.2d 1234, 1237. Therefore, when St. Tammany Parish Hospital (hereinafter “the Hospital”) filed its claim for penalties and attorney’s fees against the defendants, it had essentially made a claim that the defendants acted in bad faith by paying what the Hospital alleges is less than the true amount owed. The inquiry, then, is not simply about what is owed; rather, the claim raises the inquiry into whether the defendants’ actions constitute bad faith.
“Delictual actions are subject to a libera-tive prescription period of one year. This prescription commences to run from the day the injury or damage is sustained.” La.C.C. Article 3492. Footnote (b) of that Article states that the one year prescription applies to all delictual actions, and it further explains that “the notion of delictual liability includes: intentional misconduct, negligence, abuse of right, and liability without negligence.” |sGoing back to La.R.S. 23:1201(F), the actions which can trigger the claim for penalties and attorney’s fees are “[fjailure to provide payment ... or failure to consent to the employee’s request a treating physician ...” In this case, failure to provide payment is the more applicable of the two. Such a failure to pay, if done in bad faith, could indeed be cast as intentional misconduct or negligence.
The majority distinguishes Craig on the basis that the plaintiff was the employee, whereas the plaintiff in this case is the health care provider. That factual difference, however, has no bearing on the applicability of Art. 3492 to a delictual action. No matter the parties, no matter the factual circumstances, as long as a delictual claim is made, the prescriptive period of Art. 3492 will apply. The majority is essentially granting to a health care provider a right greater than that of the employee: a three year prescriptive period to file a claim for penalties and attorney’s fees. That result is neither logical nor equitable.
On the point of equity, when no rule for a particular situation can be derived from legislation, courts are bound to proceed according to the notion of equity, which means to decide on the side of justice and reason. La.C.C. Article 4. In this case, the defendants reached an agreement with the Hospital and tendered the amount of *995 the payment in dispute. How is it equitable, then, that the Hospital can accept what it considered adequate compensation from the employer, but three years later be allowed to sue the employer for the unpaid benefits and the penalties and attorney’s fees? If the defendants did indeed underpay in bad faith, I believe that would have been readily apparent from the time the underpayment was first tendered and a one year prescriptive period would have been sufficient for the Hospital. A three year prescriptive period for penalties and attorney’s fees would not 14benefit the Hospital in any way, but it would definitely harm the defendants’ ability to defend against the claim, as it becomes more difficult to preserve evidence and witness testimony over such a period of time. One of the most fundamental purposes of a prescriptive period is to protect the defendant from stale claims and from the loss or non-preservation of relevant proof. Findley v. City of Baton Rouge, 570 So.2d 1168, 1170 CLa.1990).
La.R.S. 28:1209 does not spell out a prescriptive period for the filing of claims for penalties and attorney’s fees, but it is not necessary. La.C.C. Article 3492 answers the question at the center of this dispute. It is neither necessary for this court to “re-invent the wheel,” so to speak, when Craig has already addressed this issue. I believe the proper prescriptive period for filing claims for penalties and attorney’s fees under the provisions of Title 28 is one year, and I respectfully disagree with the majority opinion.