KLIEBERT, Judge.
Appellees filed a motion to dismiss the appeal on the grounds it was premature and in her memorandum supporting the motion said “no written judgment ... can be found in the files of counsel for appellant, counsel for appellees, or the record lodged ...” with this court. From that she concluded that “no written judgment was ever rendered.” Clearly, in the absence of a judgment there is nothing for us to adjudicate.
Code of Civil Procedure articles 1916 and 1911 provide respectively as follows:
“Art. 1916 — Jury cases, signature of judgment by the court
When a case has been tried by a jury, the following rules shall apply as to a judgment rendered on the verdict:
(1) When the jury returns a general verdict, the judge shall sign a judgment in accordance therewith within three days exclusive of holidays from the date of the verdict;
(2) When the jury returns a special verdict, the judge must sign a judgment in accordance therewith, but he shall have the same time for deliberating before signing the judgment as in cases tried without a jury.
In all other respects the provisions of this Chapter shall apply to a judgment rendered on a jury verdict.”
“Art. 1911 — Final judgments read and signed in open court
Except as otherwise provided by law, every final judgment shall be signed by the judge. For the purpose of an appeal as provided in Article 2083, no appeal may be taken from a final judgment until the requirement of this Article has been fulfilled.”
Moreover, Code of Civil Procedure article 2161 provides as follows:
“An appeal shall not be dismissed because the trial record is missing, incomplete or in error no matter who is responsible, and the court may remand the case either for retrial or for correction of the record. An appeal shall not be dismissed because of any other irregularity, error or defect unless it is imputable to the appellant. Except as provided in Article 2162, a motion to dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later.”
*829 Thus, when there is no judgment in the record we must first determine the reason for its absence. If one has been signed by the trial judge and is not contained in the record before us, then it is a defect in the record and the case must be remanded to the trial court for correction of the record. On the other hand, if a judgment has never been signed by the trial judge, then under the provisions of C.C.P. art. 1911, we have no jurisdiction to hear the appeal because it was filed prematurely. Under Overmier v. Traylor, 475 So.2d 1094 (La.1985) even though the appeal was premature when granted, the appeal should not be dismissed if the cause of the prematurity has been corrected.
Our review of the record shows there is no written judgment contained in the record. Although the motion to dismiss has been pending for over a month and the case is set for hearing on our April 8, 1987 docket, the appellant has made no response to appellees’ motion to dismiss. Hence, the appeal remains premature. Accordingly, the motion to dismiss is granted and the appeal dismissed.
MOTION TO DISMISS GRANTED, APPEAL DISMISSED.