JOHN C. BOUTALL, Judge Pro Tem.
The State of Louisiana, pursuant to LSA-R.S. 46:236.1, filed a Rule for Child Support against Bryan Delaney, for the reimbursement of support paid to the minor child, Jami Delaney. The rule was set for hearing by the court on May 7, 1993. Based on the statements and argument of counsel, the trial court found that the defendant was not Jami’s biological father and dismissed the rule. The state appealed, arguing that the court’s ruling was based upon inadequate evidence and hence should be reversed and remanded for an evidentiary hearing.
A review of the appellate record showed the absence of a signed judgment from the trial court. Counsel for the State was served with a Rule to Show Cause, by brief only, why the appeal should not be dismissed. The State was given until August 3, 1993 to respond, and failed to do so. The state’s appellate brief was filed on August 26, 1993, and failed to address the Rule to Show Cause.
An appeal may not be taken from a final judgment unless a signed final judgment appears in the record. LSA-C.C.P. art. 1911. A judgment not signed by the trial judge as required by statute is not appealable and the appellate court will dismiss the appeal of its own motion. Perkins v. Salas, 507 So.2d 827 (La.App. 5 Cir.1987). The appellant was apprised of the missing signed judgment by this court’s Rule to Show Cause, and failed to take the appropriate action to remedy this fatal defect. Accordingly, the State’s appeal is hereby dismissed.