982 So.2d 209 (2008)
Wardell MULLINS, et al.
v.
MISSISSIPPI VALLEY SILICA COMPANY, INC., et al.
No. 2008-C-0330.
Court of Appeal of Louisiana, Fourth Circuit.
March 20, 2008.
Stephen N. Elliott, Caroline D. Elliott, Jeanne M. Mauldin, Francine M. Giugno, Bernard, Cassisa, Elliott & Davis, Metairie, for Empire Abrasive Equipment Company, L.P.
Gregg L. Spyridon, James G. Thornton, Spyridon, Palermo & Dornan, L.L.C., Metairie, for Empire Abrasive Equipment Corp.
Court composed of Judge TERRI F. LOVE, Judge MAX N. TOBIAS, Jr., Judge DAVID S. GORBATY.
DAVID S. GORBATY, Judge.
The judgment from which relators seek review is not a valid judgment. Specifically, *210 the judgment is signed by Judge Herbert Cade, presumably the duty judge; however, Judge Piper Griffin is the judge who rendered the decision.
La.Code Civ. Proc. art. 1911 provides in part that "every final judgment shall be signed by the judge." This rule implies that the case cannot be decided by any judge other than the one who heard the case and took it under advisement, except where law has provided otherwise. Darensbourg v. Great Atlantic and Pacific Tea Co., Inc., 94-0761 (La.App. 1 Cir. 11/9/95), 665 So.2d 35. The fact that the final judgment was not signed by Judge Griffin, the judge who presided over the hearing on the motions for summary judgment, is a fatal defect. Louisiana Paving Co., Inc. v. St. Charles Parish Public Schools, 593 So.2d 892 (La.App. 5 Cir. 1992).
Thus, the judgment attached to the writ application which is not signed by the trial judge as required by statute is not appealable. State v. Delaney, 93-522 (La.App. 5 Cir. 1/12/94), 631 So.2d 19. Accordingly, we decline to consider relators' writ application.
WRIT APPLICATION DENIED.