STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 11-863

RAINEY WALLACE

VERSUS

THE GEO GROUP, INC., ET AL.

**********

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. C-2008-303
HONORABLE JOEL GERARD DAVIS, DISTRICT JUDGE

**********

J. DAVID PAINTER

JUDGE

**********

Court composed of Oswald A. Decuir, Billy H. Ezell, and J. David Painter, Judges.

RULE RECALLED.
SUPPLEMENTAL RECORD ORDERED.

Roy Maughan
Maughan Law Firm
634 Connell's Park Lane
Baton Rouge, LA 70806-0000
(225) 926-8533
COUNSEL FOR PLAINTIFF/APPELLANT:
    Rainey Wallace

Samuel Bryan Gabb
Plauche, Smith & Nieset
1123 Pithon Street
Lake Charles, LA 70601
(337) 436-0522
COUNSEL FOR DEFENDANT/APPELLEE:
    The Geo Group, Inc.

**Joseph Richard Pousson, Jr.**
**Plauche', Smith & Nieset**
**Post Office Box 1705**
**Lake Charles, LA 70602**
**(337) 436-0522**
**COUNSEL FOR DEFENDANT/APPELLEE:**
  **Brandon Lofton**

**Charles A Sam Jones, III**
**Attorney at Law**
**Post Office Box 995**
**DeRidder, La 70634**
**(337) 463-5532**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
  **Rainey Wallace**

**PAINTER, Judge.**

This court, on its own motion, issued a rule to show cause ordering the plaintiff-appellant, Rainey Wallace, to show cause by brief only why the appeal in this case should not be dismissed as premature. The appellant filed a response to this rule to show cause. For the reasons explained in this opinion, we recall the rule to show cause, but we order a supplemental record be prepared and transmitted to this court by the district court's clerk's office, at the plaintiff's cost.

The appellant filed an appeal in this case, and designated the record to be provided to this court pursuant to La.Code Civ.P. art. 2128. Upon receipt of this record, this court noted the absence of a final judgment. The record did include the trial court's order denying the appellant's motion for new trial. Therefore, this court issued the subject rule for the appellant to show cause why the appeal should not be dismissed as premature. In responding to this rule, the appellant stated that the failure to have the record include the final judgment was an error on his part, and he attached a copy of the order which he claims he is appealing.

However, the order attached to the appellant's response to this court's rule to show cause is the order that is included in the record prepared by the district court. This order, though, denies the appellant's motion for new trial. The denial of a motion for new trial is not an appealable order; however, where the argument by the appellant indicates that the appeal is intended to be from the final judgment, the appeal should be maintained by the appellate court. *See McClure v. City of Pineville*, 2005-1460 (La.App. 3 Cir. 12/6/06), 944 So.2d 805, *writ denied*, 2007-43 (La. 3/9/07), 949 So.2d 446.

Due to this confusion caused by the response to the rule, then, this court withheld its opinion on this rule pending the briefing of the appeal by the parties. This court has now received the appellate briefs by both the appellant and the appellees. A reading of the appellant's brief clearly shows that the appellant is

challenging the trial court's judgment which granted the appellees' motion for summary judgment and ordered the dismissal of the appellant's suit, not the trial court's order denying the appellant's motion for new trial. In the appellees' brief, the appellees state in footnote that the appellant failed to designate the final judgment as a part of this designated record. However, this court also notes that the appellees do not contend that the failure of the appellant to have the final judgment included in the designated record prejudices the appellees.

Louisiana Code of Civil Procedure Article 2161 states:

An appeal shall not be dismissed because the trial record is missing, incomplete or in error no matter who is responsible, and the court may remand the case either for retrial or for correction of the record. An appeal shall not be dismissed because of any other irregularity, error or defect unless it is imputable to the appellant. Except as provided in Article 2162, a motion to dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later.

Furthermore, La.Code Civ.P. art. 2132 provides:

A record on appeal which is incorrect or contains misstatements, irregularities or informalities, or which omits a material part of the trial record, may be corrected even after the record is transmitted to the appellate court, by the parties by stipulation, by the trial court or by the order of the appellate court. All other questions as to the content and form of the record shall be presented to the appellate court.

While this court is cognizant of the fact that La.Code Civ.P. art. 2161 provides that an appeal should not be dismissed because of an error unless it is imputable to the appellant and, in this instance, the error is due to the appellant's failure to designate the record properly, we also recognize the general rule that appeals are favored in law and should not be dismissed on a mere technicality. *See U.S. Fire Ins. Co. v. Swann*, 424 So.2d 240 (La.1982). We find this especially true where, as in the instant case, the appellees have not shown that they will suffer any prejudice from a supplementation of the record.

2

In *Perkins v. Salas*, 507 So.2d 827 (La.App. 5 Cir. 1987), the record had failed to include a final judgment. In that case, the court remanded the case to the district court for entry of the final judgment into the record in order to cure the defective record. In the instant case, we find that a remand is unnecessary. As indicated above, the appellees admit that a final judgment has been rendered. This judgment was signed by the trial court on February 2, 2011. Therefore, remanding this case at this time could result in a subsequent appeal by the appellant being denied as untimely. We find that, under the facts presented in this instance, the more judicially efficient manner of curing this defect while preserving the appellant's right to an appeal is for this court to exercise its right under La.Code Civ.P. art. 2132 to order the Clerk of Court's Office for the Thirty-third Judicial District Court, Parish of Allen, to prepare and transmit to this court a supplemental record, in duplicate, containing the trial court's final judgment signed on February 2, 2011. Costs for this supplemental record are assessed to the appellant.

**RULE RECALLED.**

**SUPPLEMENTAL RECORD ORDERED.**