ROBERT M. MURPHY, Judge.
12This medical malpractice matter involves allegations of delayed diagnosis and removal of a carcinoma. Plaintiffs, the patient Stephen Gonzales and his wife Nancy Gonzales, appeal the trial court’s July 19, 2013 judgment that granted a motion for summary judgment in favor of defendant, Ochsner Clinic Foundation. Unfortunately, the judgment appealed from was not signed by the judge who presided over the hearing. For the reasons that follow, we vacate the judgment on procedural grounds and remand for proceedings consistent with this opinion.
On June 7, 2012, Ochsner filed a motion for summary judgment contending that plaintiffs could not prevail without an expert. Plaintiffs opposed the motion with affidavits and depositions of plaintiffs and their two experts. On May 22, 2013, Honorable Judge Robert A. Pitre, Jr. heard the motion and issued written reasons on May 24, 2013. On May 31, 2013, the parties filed a joint stipulation as to the exhibits, “to be introduced into evidence as if they had been formally 1¡¡introduced at the May 22, 2013 hearing [before Judge Pitre] on defendant’s motion for summary judgment.”
On July 19, 2013, Honorable Judge pro tempore Marion F. Edwards signed the judgment granting Ochsner’s motion for summary judgment and dismissing plaintiffs’ claims with prejudice. There is no indication in the record as to why Judge Pitre did not sign the final judgment in this matter.
Plaintiffs have alleged several assignments of error that we are unable to consider because the judgment appealed from is null and void. Despite the considerable work of the trial court, the judge pro tempore, and the parties, the fact that the judgment was not signed by the judge who heard the case is fatal error. See Louisiana Paving Co., Inc. v. St. Charles Par. Public Schools, 593 So.2d 892 (La.App. 5 Cir.1992), writ denied, 605 So.2d 1370 (La.1992); Mullins v. Mississippi Valley Silica Co., Inc., 08-0330 (La.App. 4 Cir. 3/20/2008), 982 So.2d 209 (published writ disposition).
La. C.C.P. art. 1911 provides:
Except as otherwise provided by law, every final judgment shall be signed by the judge. For the purpose of an appeal as provided in Article 2083, no appeal may be taken from a final judgment until the requirement of this Article has been fulfilled.
Judge Pitre signed the reasons and was present at the hearing when the evidence was submitted retroactively. He did not, however, sign the judgment. Based on our holding in Louisiana Paving, supra, and La. C.C.P. art. 1911, we find the judgment at issue to be invalid. The judgment is therefore vacated and set aside.
For the reasons stated above, the trial court’s judgment of July 19, 2013 is vacated because of procedural error, and the matter is remanded to the trial court to enable Judge Robert Pitre, Jr., the trial judge, to render and sign a judgment. Each party is taxed its own costs on appeal.

|¿VACATED AND REMANDED.