Judge Rosemary Ledet
|!This is a direct stockholder class action. From the trial court’s October 31, 2016 judgment granting certain defendants’ motions for summary judgment, the plaintiffs appeal. Because the trial court’s judgment lacks the required decretal language for a final judgment, we dismiss the plaintiffs’ appeal without prejudice and remand.
FACTUAL AND PROCEDURAL BACKGROUND
This suit arises out of a $1.4 billion merger transaction involving two of the country’s largest publicly traded death care companies—Service Corporation International (“SCI”) and Stewart Enterpris *571 es, Inc. (“STEI”). Simply stated, the merger transaction involves SCI and its wholly owned subsidiary, Rio Acquisition Corp. (“Rio”), acquiring ail STEI’s outstanding shares at a price of $13.25 per share. (Rio was formed for the merger transaction.) The merger transaction ■ spurred several suits by STEI’s stockholders.
On June 13; 2013, Karen Moulton filed a class action suit on behalf of herself and the public stockholders of STEI (the “Moulton Suit”). Named as 12defendants in the Moulton Suit were STEI; the seven members of STEI’s board of directors [ (i) Frank Stewart, Jr.; (ii) John Elstrott, Jr.; (iii) Alden McDonald, Jr.; ■ (iv) Thomas Kitchen; (v) Ashton Ryan, Jr.; (vi) Ronald Patron; and (vii) John Saer, Jr.]; SCI; and Rio. Ms. Moulton alleged that the sale price was inadequate and that the sale process was unfair. She further alleged that STEI and its board of directors breached their fiduciary duty in handling the sale process, that STEI should have obtained a higher stock purchase price, and that all the defendants conspired to breach those fiduciary duties to obtain personal benefits. She still further alleged that Mr. Stewart pushed for the merger in order to secure a side deal for himself. She sought both injunctive relief and monetary damages for the alleged breach of fiduciary duties.
On June 20, 2013, Philip Joseph Rosen filed a similar class action suit on behalf of himself and the public stockholders of STEI against the same defendants making similar allegations as in the Moulton Suit (the “Rosen Suit”). Also in June 2013, three alleged STEI stockholders—Alex Rodgers, Gairi Williamson, and Debbie Williamson—filed a petition for intervention in both the Moulton Suit and the Rosen Suit (the “Interventions”). On July 30, 2013, an Order of Consolidation was entered, by stipulation of the parties, consolidating the Moulton Suit, the Rosen Suit, and the Interventions.
In August 2013, the trial court denied the plaintiffs’ motions for a , temporary restraining order and preliminary injunction. In October 2013, the trial court granted SCI’s and Rio’s exception of no cause of action as to the aiding and |aabetting allegation, but allowed the plaintiffs to amend their petition to include a civil conspiracy claim. After the plaintiffs amended their petition, all of the defendants filed exceptions of no cause of action. In June 2014, the trial court granted the exceptions of SCI and Rio, but denied the exceptions of STEI, Mr. Stewart, and the other defendant-directors. Thereafter, the remaining defendants filed two motions for summary judgment. One motion was filed by Mr. Stewart; the other motion was filed by the remaining six director-defendants and STEI. As noted at the outset, on October 31, 2016, the trial court granted certain defendants’ motions for summary judgment. This appeal followed.
JURISDICTIONAL ISSUE
A threshold requirement in any appeal is subject matter jurisdiction. An appellate court cannot determine the merits of an appeal unless its subject matter jurisdiction is properly invoked by a valid final judgment. Freeman v. Phillips 66 Co., 16-0247, p. 2 (La. App. 4 Cir. 12/21/16), 208 So.3d 437, 440 (citing Tsegaye v. City of New Orleans, 15-0676, p. 3 (La. App. 4 Cir. 12/18/15), 183 So.3d 705, 710, writ denied, 16-0119 (La. 3/4/16), 188 So.3d 1064); see La. C.C.P. art. 2083(A). Before reaching the merits of an appeal, an appellate court has a duty to determine, on its own motion, whether subject matter jurisdiction exists. Moon v. City of New Orleans, 15-1092, 15-1093, p. 5 (La. App. 4 Cir. 3/16/16), 190 So.3d 422, 425.
*572 A final judgment determines the merits in whole or in part. La. C.C.P. art. 1841. “A final judgment shall be identified as such by appropriate language.’^ La. C.C.P. art. 1918. “The Code provisions on the form of a judgment are sketchy.” 1 Frank L. Maraist, LA. CIV. L. TREATISE, CIVIL PROCEDURE § 12:2' (2d ed. 2016). “In Louisiana, the form- and wording of judgments is not sacramental.” Revision Comment (a) to La. C.C.P. art. 1918.
The jurisprudence has required that a valid final judgment be precise, definite, and certain. Input/Output Marine Sys., Inc. v. Wilson Greatbatch, Techs., Inc., 10-477, p. 12 (La. App. 5 Cir. 10/29/10), 52 So.3d 909, 915. “The decree alone indicates the decision. The result decreed must be spelled out in lucid, unmistakable language. The quality of definiteness' is essential to a proper judgment.” Input/Output Marine, 10-477 at p. 13, 52 So.3d at 916 (footnote and internal citations omitted).
In addition to requiring that a judgment be precise, definite, and certain, the jurisprudence has required that a valid final judgment be self-contained; • stated otherwise, “[o]ne must be able to determine from .the judgment itself—without any reference to an extrinsic .source—the specific relief granted.” Baker Ready Mix, LLC v. Crown Roofing Servs., Inc., 15-0565, p. 2, n. 1 (La. App. 4 Cir. 12/16/15), 183 So.3d 622, 623 (citing Bd. of Supervisors of La. State Univ. and Agric. and Mech. Coll. v. Mid City Holdings, L.L.C., 14-0506, p. 3 (La. App. 4 Cir. 10/15/14), 151 So.3d 908, 910). “The specific relief granted should be determinable from the judgment without reference to an extrinsic source such as pleadings or reasons for judgment.” Input/Output Marine, 10-477 at p. 13, 52 So.3d at 916. “To be legally enforceable as a valid judgment, a third person should be able to determine from |fithe judgment the identity of the party cast and the precise amount owed without reference to other documents in the record.” Standard Ins. Co. v. Spottsville, 16-0020, p. 4 (La. App. 1 Cir. 9/16/16), 204 So.3d 253, 256 (citing Conley v. Plantation Management Co., L.L.C., 12-1510, pp. 7-8 (La. App. 1 Cir. 5/6/13), 117 So.3d 542, 547).
Another requirement that the jurisprudence has imposed is that a" valid final judgment contain decretal language. “ ‘Decretal language is defined as the portion of a court’s judgment or - order that officially states (‘decrees’)-what the court is ordering and generally starts with the formula ‘It is hereby ordered, adjudged, and decreed that Freeman, 16-0247 at p. 2, 208 So.3d at 440 (quoting Jones v. Stewart, 16-0329, p. 5 (La. App. 4 Cir. 10/5/16), 203 So.3d 384, 387). To comply with the decretal language requirement, a judgment must contain the following three elements: (i) it “must name the party in favor of whom -the ruling is ordered”; (ii) it must name “the party against whom the ruling is ordered”; and (iii) it'must state “the relief that is granted or denied.” Baker Ready Mix, 15-0665, at p. 2, n. 1, 183 So.3d at 623; Input/Output, 10-477 at p. 13, 52 So.3d at 916.
Here, the trial court’s October 31, 2016 judgment states as follows:
IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Defendants’ Motions for Summary Judgment are GRANTED. Pursuant to La. Code Civ. Proc. Art. 1915, this judgment is designated a final judgment.'
At the outset, we note that the trial court’s inclusion in its judgment of a certification that the judgment is-final pursuant to La. C.C.P. art. 1915 is not dispositive. LHO New Orleans LM, L.P. v. MHI *573 Leasco New Orleans, Inc., 03-1283, 03-1284, p. 5 (La. App. 4 Cir. 3/3/04), 869 So.2d 304, 307 (collecting cases) (holding that “[t]his Court is not hound by the trial judge’s certification of the partial adjudication as final for the purpose of an immediate appeal; we determine finality de novo”). Indeed, the trial court’s inclusion of this certification suggests that there are outstanding pending issues in the trial court.
Applying the principles discussed above, we find that the trial court’s judgment fails to satisfy the jurisprudential requiremehts for a valid final judgment. The judgment fails to identify which of the defendants’ summary judgment motions are granted. Although the judgment states ■' that it grants the motions for summary judgment filed by certain of the defendants, the judgment fails to state the relief granted. Stated otherwise, the judgment fails to state what claims, if any, are dismissed and whether the dismissal is with prejudice. Rather, the judgment simply states that certain of the defendants’ motions for summary judgment are granted.
The jurisprudence has held that “[a] judgment that simply states that a defendant’s motion for summary judgment is granted, is defective and cannot be considered a final judgment.” Eldon,E. Fallon, LA. PRAC. TRIAL HANDBOOK FOR LA. LAWYERS § 34:1 (3d ed. 2017) (citing Contreras v. Vesper, 16-318, p. 3 (La. App. 5 Cir. 10/19/16), 202 So.3d 1186, 1188-89); Gaten v. Tangipahoa Parish School System, 11-1133, pp. 3-4 (La. App. 1 Cir. 3/23/12), 91 So.3d 1073, 1074 (finding that a judgment which simply states that a “Motion for Summary Judgment is Granted,” without decretal language disposing of or dismissing the claims, is defective and cannot be considered as a “final judgment”); In re Med. Review Panel of Williams v. EMSA Louisiana, Inc., 15-1178, p. 2 (La. App. 4 Cir. 10/21/16), 203 So.3d 419, 423 (holding that the judgment providing that “It is 17ordered, adjudged and decreed that the Motion for Summary Judgment filed herein on behalf of Defendant, PCF is granted” lacked the required decretal language and citing Tomlinson v. Landmark Am. Ins. Co., 15-0276, p. 2 (La. App. 4 Cir. 3/23/16), 192 So.3d 153, 156). As the court in Contreras explained, “one must refer to the motion for summary judgment and assume that the relief granted by the judgment is that prayed for in the motion. ... [A] judgment cannot require reference to extrinsic documents or pleadings in order to discern the court’s ruling.” 16-318 at p. 2, 202 So.3d at 1188. Such is the case here. The October 31, 2016 judgment is thus not a valid final judgment.
Given the instant appeal, as lodged, lacks a valid final judgment, we lack appellate jurisdiction to address the merits of the appeal. Because the instant'appeal was not filed within thirty days from the date of the trial court’s judgment, we decline to exercise our discretion to convert the plaintiffs’ appeal to a writ application. We thus dismiss the plaintiffs’ appeal without prejudice and remand for further proceeding. Once a final appealable judgment is rendered, the parties may filé a new appeal vidth this court.
DECREE
For the foregoing reasons, the appeal filed by the plaintiffs in this matter is dismissed without prejudice; and this matter is remanded,
APPEAL DISMISSED WITHOUT PREJUDICE; REMANDED