Judge Joy Cossich Lobrano
In this tort litigation, plaintiffs/appellants, Norris "Mickey" Dearmon, Shawn Rivers, John Roper, II, Shawn White, and David Bexlay (collectively "plaintiffs"), appeal the December 5, 2017 judgment of the district court, which granted summary judgment in favor of defendants/appellees, St. Ann Lodging, LLC d/b/a Bourbon Orleans Hotel and QBE North America Insurance Group (collectively the "hotel"). For the reasons that follow, we find that the judgment lacks the required decretal language, and is not a final appealable judgment. Accordingly, we dismiss the appeal without prejudice and remand this matter to the district court.
On November 20, 2014, plaintiffs filed a petition for damages against the hotel. Plaintiffs alleged that, on November 21, 2013, they were guests of the hotel when they were beaten and robbed in their hotel room by unknown individuals. In their petition, plaintiffs contended that the hotel was negligent in failing to provide plaintiffs with adequate security. On October 31, 2016, the hotel filed a motion for summary judgment arguing that the plaintiffs had no admissible evidence to establish that the hotel breached a duty of care owed to the plaintiffs or that the incident of November 21, 2013 was reasonably foreseeable. Following a hearing on January 6, 2017, the district court took the motion for summary judgment under advisement and permitted the parties to submit post-hearing memoranda.
On December 5, 2017, the district court rendered judgment granting the hotel's motion for summary judgment. This appeal followed.
At the outset, we must first consider whether we have jurisdiction to review this appeal. As this Court explained in Moulton v. Stewart Enterprises, Inc. , 2017-0243, pp. 3-7 (La. App. 4 Cir. 8/3/17), 226 So.3d 569, 571-73 :
An appellate court cannot determine the merits of an appeal unless its subject matter jurisdiction is properly invoked by a valid final judgment.
*637 Freeman v. Phillips 66 Co. , 16-0247, p. 2 (La. App. 4 Cir. 12/21/16), 208 So.3d 437, 440 (citing Tsegaye v. City of New Orleans , 15-0676, p. 3 (La. App. 4 Cir. 12/18/15), 183 So.3d 705, 710, writ denied , 16-0119 (La. 3/4/16), 188 So.3d 1064 ); see La. C.C.P. art. 2083(A)....
* * *
In addition to requiring that a judgment be precise, definite, and certain, the jurisprudence has required that a valid final judgment be self-contained; stated otherwise, "[o]ne must be able to determine from the judgment itself-without any reference to an extrinsic source-the specific relief granted." Baker Ready Mix, LLC v. Crown Roofing Servs., Inc. , 15-0565, p. 2, n. 1 (La. App. 4 Cir. 12/16/15), 183 So.3d 622, 623 (citing Bd. of Supervisors of La. State Univ. and Agric. and Mech. Coll. v. Mid City Holdings, L.L.C. , 14-0506, p. 3 (La. App. 4 Cir. 10/15/14), 151 So.3d 908, 910 ). "The specific relief granted should be determinable from the judgment without reference to an extrinsic source such as pleadings or reasons for judgment." Input/Output Marine [Sys., Inc. v. Wilson Greatbatch, Techs., Inc. , 10-477, p. 13 (La. App. 5 Cir. 10/29/10), 52 So.3d 909, 916 ]....
Another requirement that the jurisprudence has imposed is that a valid final judgment contain decretal language. " 'Decretal language is defined as the portion of a court's judgment or order that officially states ('decrees') what the court is ordering and generally starts with the formula 'It is hereby ordered, adjudged, and decreed that ....' "
Freeman , 16-0247 at p. 2, 208 So.3d at 440 (quoting Jones v. Stewart , 16-0329, p. 5 (La. App. 4 Cir. 10/5/16), 203 So.3d 384, 387 ). To comply with the decretal language requirement, a judgment must contain the following three elements: (i) it "must name the party in favor of whom the ruling is ordered"; (ii) it must name "the party against whom the ruling is ordered"; and (iii) it must state "the relief that is granted or denied." Baker Ready Mix , 15-0565, at p. 2, n. 1, 183 So.3d at 623 ; Input/Output , 10-477 at p. 13, 52 So.3d at 916....
* * *
The jurisprudence has held that "[a] judgment that simply states that a defendant's motion for summary judgment is granted, is defective and cannot be considered a final judgment." Eldon E. Fallon, LA. PRAC. TRIAL HANDBOOK FOR LA. LAWYERS § 34:1 (3d ed. 2017) (citing Contreras v. Vesper , 16-318, p. 3 (La. App. 5 Cir. 10/19/16), 202 So.3d 1186, 1188-89 ); Gaten v. Tangipahoa Parish School System , 11-1133, pp. 3-4 (La. App. 1 Cir. 3/23/12), 91 So.3d 1073, 1074 (finding that a judgment which simply states that a "Motion for Summary Judgment is Granted," without decretal language disposing of or dismissing the claims, is defective and cannot be considered as a "final judgment"); In re Med. Review Panel of Williams v. EMSA Louisiana, Inc. , 15-1178, p. 2 (La. App. 4 Cir. 10/21/16), 203 So.3d 419, 423 (holding that the judgment providing that "It is ordered, adjudged and decreed that the Motion for Summary Judgment filed herein on behalf of Defendant, PCF is granted" lacked the required decretal language and citing Tomlinson v. Landmark Am. Ins. Co. , 15-0276, p. 2 (La. App. 4 Cir. 3/23/16), 192 So.3d 153, 156 ). As the court in Contreras explained, "one must refer to the motion for summary judgment and assume that the relief granted by the judgment is that prayed for in the motion.... [A] judgment cannot require reference to extrinsic documents or pleadings in order to discern the *638 court's ruling." 16-318 at p. 2, 202 So.3d at 1188....
Here, the district court's December 5, 2017 judgment states, in pertinent part:
IT IS ORDERED, ADJUDGED AND DECREED that Defendants' Motion for Summary Judgment is hereby GRANTED .
Applying the above principles to this matter, we find that the judgment does not satisfy the requirements for a final appealable judgment. The judgment does not name the party against whom the ruling is ordered and does not specify what relief is granted. Although the judgment states that it grants the motion for summary judgment, it fails to state what claims, if any, are dismissed and whether the dismissal is with prejudice. Instead, the judgment merely states that the motion for summary judgment is granted. The absence of this necessary decretal language means that the judgment is not final and appealable. We, therefore, lack appellate jurisdiction to address the merits of the appeal.
Under certain circumstances, this Court has exercised its discretion to convert " 'appeals' of non-appealable judgments to applications for supervisory writs in those cases in which the motions for appeal were filed within the thirty-day period allowed for the filing of applications for supervisory writs." Favrot v. Favrot , 2010-0986, p. 6 (La. App. 4 Cir. 2/9/11), 68 So.3d 1099, 1104. See also Rule 4-3, Uniform Rules-Courts of Appeal. Here, however, the plaintiffs filed a Notice of Intent and Motion to Fix Time for Filing of Appeal on January 8, 2018, thirty-four (34) days after the district court judgment was rendered.
Thus, "while [a] motion for appeal could be construed to be a notice of intent to seek supervisory writs, it could not be construed as a timely one where it was filed more than thirty days from the court's ruling." Babineaux v. Univ. Med. Ctr. , 2015-292, p. 7 (La. App. 3 Cir. 11/4/15), 177 So.3d 1120, 1125 (citing Rain CII Carbon, LLC v. Turner Indus. Grp., LLC , 2014-121, p. 2 (La. App. 3 Cir. 3/19/14), 161 So.3d 688, 689 and stating that "the motion [for appeal] was filed untimely for a writ application, and if we allowed the conversion, the writ application would be dismissed because of untimeliness").
Because the instant appeal was not filed within thirty days from the date of the district court's judgment, we decline to exercise our discretion to convert the plaintiffs' appeal to a writ application. We therefore dismiss the plaintiffs' appeal without prejudice and remand for further proceedings. Once a final appealable judgment is rendered, the parties may file a new appeal with this Court. See Moulton , 2017-0243, p. 7, 226 So.3d at 573.
For these reasons, the appeal is dismissed without prejudice, and this matter is remanded.
APPEAL DISMISSED WITHOUT PREJUDICE; REMANDED
BELSOME, J., CONCURS WITH REASONS
I concur in the result reached by the majority and acknowledge that it is consistent with the jurisprudence, but write separately to address the punitive nature of this result. Giving such weight to the decretal language in a judgment only serves to create delays and additional expense for litigants that are already in a legal system where litigation is prolonged. This outcome not only impedes the progress of the litigation, but also contradicts the principles of judicial efficiency. I disagree with the effects *639 of dismissing an appeal, but also recognize that we are confined by the law on subject matter jurisdiction, and therefore I concur.