| BELINDA LASSALLE | * | NO. 2023-CA-0705 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| HONORABLE CHELSEY R. | * | |
| NAPOLEON, IN HER | | FOURTH CIRCUIT |
| OFFICIAL CAPACITY AS | * | |
| CLERK OF COURT FOR THE | | STATE OF LOUISIANA |
| CIVIL DISTRICT COURT FOR | * * * * * * * | |
| THE PARISH OF ORLEANS | | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-08871, DIVISION "D"
Honorable Monique E. Barial, Judge
* * * * * *
**Judge Rosemary Ledet**
* * * * * *
(Court composed of Judge Rosemary Ledet, Judge Sandra Cabrina Jenkins, Judge Rachael D. Johnson)

Gary John Giepert
THE GIEPERT LAW FIRM, LLC
4603 South Carrollton Avenue
New Orleans, LA 70119

    COUNSEL FOR PLAINTIFF/APPELLEE

Geraldine Broussard Baloney
Abril B. Sutherland
THE BROUSSARD BALONEY LAW FIRM, APC
201 St. Charles Avenue, Suite 2557B
New Orleans, LA 70170

    COUNSEL FOR DEFENDANT/APPELLANT

           **APPEAL DISMISSED;
           REMANDED
           April 11, 2024**

*RML*

*SCJ*

*RDJ*

This is a detrimental reliance case. From the trial court's September 21, 2023 judgment denying the parties' cross motions for summary judgment (the "September 2023 Judgment"), defendant—Honorable Chelsey R. Napoleon, in her Official Capacity as Clerk of Court for the Civil District Court for the Parish of Orleans (the "Current Clerk")—appeals. Plaintiff—Belinda Lassalle ("Ms. Lassalle")—filed a motion to dismiss the appeal. In support, she cited La. C.C.P. art. 968, which provides that "[a]n appeal does not lie from the court's refusal to render any judgment on the pleading or summary judgment."[1] Although we agree that La. C.C.P. art. 968 precludes an appeal of the September 2023 Judgment, we also notice, on our own, a second reason for dismissing the appeal. The September 2023 Judgment is fatally deficient. Neither the judge who presided over the hearing on the cross motions for summary judgment, nor a successor judge acting in compliance with La. R.S. 13:4209(A) signed the judgment.[2] For these two reasons, we dismiss the appeal and remand.

---

[1] A motion panel of this Court deferred the motion to dismiss to the merits panel—this panel—to decide.

[2] La. R.S. 13:4209(A) provides:

## FACTUAL AND PROCEDURAL BACKGROUND

This Court summarized the factual and procedural background of this case in

*Lassalle v. Napoleon*, 22-0460 (La. App. 4 Cir. 12/20/22), 356 So.3d 74

("*Lassalle I*"), as follows:

> [Ms. Lassalle] alleges in her Petition that she retired from the Clerk's Office as chief deputy clerk on December 31, 2005. At the time of her retirement, [Ms. Lassalle] was fully vested in the Clerk's Office retirement program. [Ms. Lassalle] returned to work as a deputy clerk in August 2006. In order to maintain her retirement benefits, [Ms. Lassalle] could not work more than a certain number of hours each year. *See* La. R.S. 11:1513.1 [Ms. Lassalle] meticulously kept track of her hours to be certain she did not go over the maximum allowed.

> [Ms. Lassalle] stopped working for the Clerk's Office some time in 2015 when the number of hours she worked that year approached the maximum number of hours allowed under La. R.S. 11:1513. [Ms. Lassalle] told the then Clerk of Court ("the Former Clerk") that she would be willing to return to work if there was any way for her to work without her losing retirement benefits. In November of 2015, the Former Clerk informed [Ms. Lassalle] that she could work as an independent contractor and as such, would not be considered "reemployed" by the Clerk's Office and would not be subject to the reduction of benefits provided for in La. R.S. 11:1513.

> On November 2, 2015, [Ms. Lassalle] entered into a written agreement ("Agreement") with the Former Clerk to return to work as an independent contractor. After entering into the Agreement, the Clerk's Office did not report [Ms. Lassalle]'s hours to the Louisiana Clerks of Court Retirement and Relief Fund ("LCCR"), and [Ms. Lassalle] continued to receive retirement benefits.

> By letter dated November 9, 2020, the LCCR informed [Ms. Lassalle] that she had worked in excess of the allowable hours in 2015, 2016, 2017, 2018, 2019, and 2020 and thus had been overpaid in retirement benefits during these years. The letter further informed [Ms. Lassalle] that LCCR would proceed to collect the overpayments by reducing [Ms. Lassalle]'s future benefit payments until fully recovered. [Ms. Lassalle] contested the overpayment assessment.

---

In cases which are heard and in which judgment is rendered, but not signed, whether the case was taken under advisement or not, if the judge who rendered the judgment dies, resigns, or is removed from office, or if his [or her] term expires before signing judgment in the case, his [or her] successor in office shall have the authority to sign a judgment which conforms with the judgment rendered.

A formal administrative hearing was held before the Board of Trustees for the Louisiana Clerks of Court Retirement and Relief Fund (the "Board")[, and] . . . . [t]he Board found that [Ms. Lassalle] was an "employee" of the Clerk's Office for purposes of La. R.S. 11:1513 during the time she worked after her retirement and that she was overpaid $89,661.43 by the retirement system.

[Ms. Lassalle] appealed the Board's decision to the Nineteenth Judicial District Court for the Parish of East Baton Rouge in accordance with La. R.S. 49:964. . . . [T]he district court denied the appeal. . . .

[Ms. Lassalle] filed the present action against the Clerk's Office on October 29, 2021. The Petition alleges that "[t]he statements of [the Former Clerk] . . . induced [Ms. Lassalle] to modify her work schedule to assist the clerk's office with its staffing issues. Unfortunately, this modification worked to [Ms. Lassalle's] extreme detriment[.]" The Petition further alleges that "[Ms. Lassalle] reasonably relied on [the Former Clerk] and changed her behavior to her detriment. She has now suffered injuries because of that reasonable reliance[.]"

*Lassalle I*, 22-0460, pp. 1-3, 356 So.3d 75-76.

In *Lassalle I*, this Court reversed the trial court's decision sustaining the Current Clerk's exception of lack of subject matter jurisdiction and remanded. *Lassalle I*, 22-0460, p. 8, 356 So.3d at 79. On remand, the parties filed cross motions for summary judgment, which the trial court denied. This appeal followed.

## JURISDICTIONAL ISSUE

An appellate court has a duty to determine if it has subject matter jurisdiction to entertain an appeal. *See Moulton v. Stewart Enters., Inc.*, 17-0243, 17-0244, p. 3 (La. App. 4 Cir. 8/3/17), 226 So.3d 569, 571 (citation omitted). "An appellate court cannot determine the merits of an appeal unless its subject matter jurisdiction is properly invoked by a valid final judgment." *Id.* (citations omitted). We determine that we lack subject matter jurisdiction to entertain this appeal for the following two reasons: (i) deficient, final judgment; and (ii) non-appealable, interlocutory judgment. We separately address each reason.

3

*Deficient, Final Judgment*

The fundamental requirements of a valid, final judgment include not only proper decretal language, but also the correct judge's signature.[3] Even a perfectly worded judgment will be invalid if signed by the wrong judge; "[f]ailure to have the judgment signed by the [correct] judge is a fatal defect." Gail S. Stephenson, *Drafting Lucid, Unmistakable (and Valid) Judgments*, 56 LA. B.J. 181, 182 (2008). Louisiana courts have held that the judge required, under La. C.C.P. art. 1911(A), to sign a judgment is the judge who presided over the hearing or the trial. *See Jones v. Whips Elec., LLC*, 22-0095, p. 3 (La. App. 4 Cir. 9/16/22), 348 So.3d 849, 852 (citation omitted). A judgment signed by the wrong judge—a judge who did not preside over the hearing or trial—does not constitute a valid final judgment. *Id.* (citations omitted). But, La. C.C.P. art. 1911(A) provides that the Legislature can create statutory exceptions. *Id.*

One such statutory exception—referred to as the successor-judge exception—is codified in La. R.S. 13:4209.[4] This exception authorizes a successor judge, in certain circumstances, to sign a judgment. The jurisprudential requirements for the successor-judge exception to apply are as follows:[5]

- A successor judge must state in the judgment that he or she is complying with La. R.S. 13:4209. *Jones*, 22-0095, p. 4, 348 So.3d at 852 (citations omitted);

---

[3] *See* La. C.C.P. art. 1911(A) (providing that "[e]xcept as otherwise provided by law, every final judgment shall contain the typewritten or printed name of the judge and be signed by the judge"); and La. C.C.P. art. 1918(A) (providing that a final judgment "shall be identified as such by appropriate language" and "shall be signed").

[4] For purposes of this exception, a successor judge is defined, by statute, as one who replaces a judge (predecessor) who rendered the judgment but died, resigned, was removed from office, or whose term expired before that predecessor judge signed the judgment. La. R.S. 13:4209(A).

[5] Some of these requirements overlap.

- A successor judge must state in the judgment that he or she has reviewed any evidence the predecessor judge heard. If the successor judge fails to make such statement, the judgment signed by the successor judge will be not be a valid, final judgment. *Jones*, 22-0095, p. 5, 348 So.3d at 853;

- A successor judge must indicate in the judgment that he or she has considered the merits of the case. *Louisiana Paving Co., Inc. v. St. Charles Par. Pub. Sch.*, 593 So.2d 892, 895 (La. App. 5th Cir. 1992);

- A successor judge must have before him or her the evidence that was introduced before the predecessor judge; "the statutory mandate is met only when the trial judge has before him or her the evidence, i.e., testimony and exhibits, that the previous judge received in evidence." *Thomas v. Proctor & Gamble*, 03-0061, p. 3 (La. App. 4 Cir. 5/21/03), 848 So.2d 667, 669; and

- When there is compliance with these jurisprudential requirements in the record, the judgment is valid, final, and appealable. *Jones*, 22-0095, p. 4, 348 So.3d at 852 (citations omitted).

Applying those principles, we determine the requirements for invoking the successor-judge exception are not satisfied. The September 2023 Judgement states that the cross motions for summary judgment were heard in July 2023 "before the Court." The hearing transcript reflects that Inemesit O'Boyle, Pro Tempore ("Judge O'Boyle") was the presiding judge who heard counsels' arguments on the cross motions in July 2023. At the end of the hearing, Judge O'Boyle orally rendered judgment denying both motions. Two months later, Judge Monique E. Barial ("Judge Barial")—the successor judge[6]—signed the September 2023 Judgment. The September 2023 Judgment states as follows:

> After reviewing the motions and memorandum of law and listening to argument of counsel, the Court finds that there are contested issues of material fact.
>
> Therefore, both [Ms.] Lassalle's and the [Current] Clerk's Motions for Summary Judgment are DENIED.

---

[6] Nowhere in the record on appeal is there an explanation of the change in judges. But, it is public knowledge that Judge Barial was elected to serve as a judge of the Civil District Court of the Parish of Orleans, Division "D", before the rendition of the September 2023 Judgment. For purposes of our analysis, we presume Judge Barial is a successor judge.

5

What is dispositive here is what the September 2023 Judgment fails to state. First, it fails to state that Judge O'Boyle presided over the July 2023 hearing of the cross motions and that Judge Barial did not. Second, it fails to state whether Judge Barial reviewed any of the evidence on which the September 2023 Judgment was based. Third, it fails to state that Judge Barial signed the judgment in a successor-judge capacity under La. R.S. 13:4209. To the contrary, the printed signature line on the judgment simply states "JUDGE MONIQUE E. BARIAL." For these reasons, the September 2023 Judgment itself fails to reflect compliance with La. R.S. 13:4209; and it is not a valid, final judgment. As a result, this Court lacks subject matter jurisdiction to entertain this appeal.

Still, we find it appropriate to address the second reason we find subject matter jurisdiction is lacking—the non-appealable, interlocutory nature of the September 2023 Judgment.

*Non-appealable, Interlocutory Judgment*

A party may appeal from an interlocutory judgment only when expressly provided by law. La C.C.P. art. 2083(C). By statute, a judgment denying a summary judgment motion is defined as a non-appealable, interlocutory judgment. Roger A. Stetter, *Appealability of particular judgments—Interlocutory judgments in general*, LA. PRAC. CIV. APP. § 3:35 (2023); La. C.C. P. art. 968. As noted at the outset of this opinion, Ms. Lassalle moves to dismiss the appeal based on La. C.C.P. art. 968 and the non-appealable, interlocutory nature of the September 2023 Judgment.

Opposing the motion, the Current Clerk acknowledges that she is seeking review of a non-appealable interlocutory judgment. But, she requests this Court, instead of dismissing the appeal, convert it to a supervisory writ. In support, she

emphasizes that she filed her notice of appeal within the thirty-day limit to file a writ under Rule 4-3 of the Uniform Rules, Courts of Appeal. She also contends that Ms. Lassalle's petition is so frivolous that judicial economy dictates converting the appeal to a writ.[7]

The decision of whether to convert an appeal to a writ is within an appellate court's discretion. *Stelluto v. Stelluto*, 05-0074, p. 7 (La. 6/29/05), 914 So.2d 34, 39. "Because the proper procedural vehicle for seeking review of an interlocutory judgment is ordinarily by application for supervisory review, we can—when appropriate—convert the improper appeal to such an application." *In re Succession of Scheuermann*, 15-0041, p. 13 (La. App. Cir. 5/22/15), 171 So. 3d 975, 983. The jurisprudence is replete with cases in which this Court has converted an attempted appeal of a non-appealable, interlocutory judgment to an application for supervisory writs. *In re Succession of Jefferson*, 21-0620, p. 5 (La. App. 4 Cir. 3/9/22), 336 So.3d 509, 512. But, this Court has done so only when both of the following two conditions were present:

(i)    The motion for appeal has been filed within the thirty-day time period allowed for the filing of an application for supervisory writs under Rule 4-3 of the Uniform Rules, Courts of Appeal; and

(ii)    When the circumstances indicate that an immediate decision of the issue sought to be appealed is necessary to ensure fundamental fairness and judicial efficiency, such as where reversal of the trial court's decision would terminate the litigation.[8]

---

[7] The Current Clerk does not contend this Court's reversal of the trial court's decision would terminate the litigation. The record reflects that the Current Clerk has an outstanding amended, reconventional demand for reimbursement.

[8] The second condition is, in essence, a restatement of the *Herlitz* criteria; namely, "[j]udicial efficiency and fundamental fairness to the litigants can dictate that the merits of an application for supervisory writs be decided especially when . . . a decision by us will terminate the litigation." *Bd. of Sup'rs of Louisiana State Univ. & Agric. & Mech. Coll. v. Mid City Holdings, L.L.C.,* 14-0506, p. 4 (La. App. 4 Cir. 10/15/14), 151 So.3d 908, 911(citing *Herlitz Constr. Co., Inc. v. Hotel Investors of New Iberia, Inc.*, 396 So.2d 878 (La. 1981) (*per curiam*)).

*Waiters v. deVille*, 19-1048, p. 3, n.3 (La. App. 4 Cir. 4/22/20), 299 So.3d 728, 732 (citations omitted).

Although the first condition is met here, the second is not. The present procedural posture of this case does not warrant this Court exercising its discretion to convert this appeal to a writ. If this Court were to convert this appeal to a writ, we would lack jurisdiction to consider the merits of an invalid written judgment not signed by the correct judge. [9] Stated otherwise, this Court has declined to exercise its supervisory jurisdiction when, as here, the written judgment sought to be reviewed was not signed by the correct judge. *Mullins v. Mississippi Valley Silica Co.*, 08-0330 (La. App. 4 Cir. 3/20/08), 982 So.2d 209 (observing that the judgment from which relators were seeking review was not a valid judgment because it was not signed by the correct judge as required by La. C.C.P. art. 1911 and declining to consider relators' writ). Given the lack of a valid, final judgment coupled with the non-appealable interlocutory nature of the judgment, we dismiss the appeal and remand for further proceedings.

## DECREE

For the foregoing reasons, the appeal is dismissed; this matter is remanded to the trial court.

**APPEAL DISMISSED; REMANDED**

---

[9] A writ, unlike an appeal, can be taken from an oral ruling. But, the time for taking a writ from Judge O'Boyle's oral ruling in this case has lapsed.