| | | |
|---|---|---|
| **LINDA BURKETT MORNAY HARRIS** | * | **NO. 2025-CA-0410** |
| | * | **COURT OF APPEAL** |
| **VERSUS** | | |
| | * | **FOURTH CIRCUIT** |
| **IBUILD, LLC** | | |
| | * | **STATE OF LOUISIANA** |

\* \* \* \* \* \* \*

APPEAL FROM
COURT OF APPEAL, FOURTH CIRCUIT
NO. 2022-02655, DIVISION "B"
Honorable Marissa Hutabarat,
\* \* \* \* \* \*
**Judge Joy Cossich Lobrano**
\* \* \* \* \* \*

(Court composed of Judge Joy Cossich Lobrano, Judge Rachael D. Johnson, Judge Karen K. Herman)

Caitlyn L. Mayer
Arita M. L. Bohannan
Shelby S. Talley
Landis S. Prestigiacomo
BOHANNAN, MAYER, & ASSOCIATES
4224 Florida Ave, Suite 2
Kenner, LA 70065

  COUNSEL FOR THIRD-PARTY DEFENDANT/APPELLEE

David P. Vicknair
Hope E. Hughes
Matthew A. Martin
SCOTT VICKNAIR, LLC
909 Poydras Street, Suite 1225
New Orleans, LA 70112

  COUNSEL FOR DEFENDANT/APPELLANT

         **APPEAL DISMISSED; REMANDED**
           **MARCH 4, 2026**

This appeal arises from a property dispute. Plaintiff, Linda Burkett Mornay Harris, filed suit seeking injunctive relief to prevent the continuing construction on immovable property she alleges was conveyed to Defendant, iBuild, LLC ("iBuild"), through the use of a forged power of attorney. In response, iBuild filed a third-party demand against Dora A. Wences ("Wences"), the notary who authenticated the sellers' identities. Wences filed exceptions of lack of personal jurisdiction, no cause of action, and no right of action, which the district court granted. iBuild seeks appellate review. For the reasons that follow, we find the record does not contain a valid, final judgment sufficient to confer appellate jurisdiction. Accordingly, we dismiss the appeal and remand the matter for further proceedings consistent with this opinion.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This appeal arises from a Petition for Temporary Restraining Order, Preliminary and Permanent Injunctive Relief, Declaratory Relief, and Damages. Plaintiff filed suit against iBuild in order to stop it from building a house on the

property located at 1720 N. Dupre Street, New Orleans, Louisiana, 70119. In her petition she alleges that the property, which she claims she purchased in 1976 and never sold, was fraudulently sold to iBuild by two individuals who falsely held themselves out to have authority to sell the property.

In response, iBuild filed a third-party demand against Dora A. Wences, the notary who authenticated the sellers' identities, seeking damages for dereliction of duty in performing notarial services in connection with the property sale. Wences filed exceptions of lack of personal jurisdiction, no cause of action, and no right of action, which iBuild opposed. On January 13, 2023, a hearing on the exceptions was held. Following argument, the Honorable Judge Robin Giarrusso orally granted Wences's exceptions. However, the parties disputed the wording of the judgment, so no written judgment memorializing the ruling was signed by Judge Giarrusso at that time. Thereafter, on May 1, 2023, Judge Giarrusso retired.

Wences later re-urged her exceptions. The matter was heard by the Honorable Judge Marissa Hutabarat, as the successor judge. Judge Hutabarat denied the re-urged exceptions but ordered that a judgment be submitted consistent with Judge Giarrusso's January 13, 2023 oral ruling granting the exceptions.

The subsequent drafting and signing of written judgments pursuant Judge Hutabarat's order, following the denial of the re-urged exceptions, gives rise to the jurisdictional issue now before this Court. We now turn to a fuller discussion of the written judgments and the statutory requirements governing judgments signed by successor judges to explain why this Court lacks appellate jurisdiction.

## DISCUSSION

"An appellate court cannot determine the merits of an appeal unless its subject matter jurisdiction is properly invoked by a valid final judgment." *Moulton v. Stewart Enter., Inc.*, 17-0243, 17-0244, p. 3 (La. App. 4 Cir. 8/3/17), 226 So.3d 569, 571 (citations omitted).

The record in the case *sub judice* contains two written judgments signed by Judge Hutabarat in connection to the January 13, 2023 oral granting of the exceptions: one dated August 27, 2024; and another dated August 1, 2025. The August 27, 2024 judgment states:

> This matter came before this Honorable Court on January 13, 2023 on Dora Wences' Declinatory Exception of Lack of Personal Jurisdiction and Peremptory Exception of No Cause of Action and No Right of Action.
> [...]
>
> **IT IS ORDERED, ADJUDGED, AND DECREED** that Dora Wences' Declinatory Exception of Lack of Personal Jurisdiction is hereby GRANTED without prejudice and Dora Wences' Peremptory Exceptions of No Cause of Action and No Right of Action are hereby GRANTED with prejudice, and that Third-Party Plaintiff, IBUILD, LLC's, Third Party Demand against Dora A. Wences is *dismissed*.

(emphasis added). In contrast, the August 1, 2025 judgment provides:

> This matter came before this Honorable Court on January 13, 2023, on Dora Wences' Declinatory Exception of Lack of Personal Jurisdiction and Peremptory Exceptions of No Cause of Action and No Right of Action.
> [...]
>
> **IT IS ORDERED, ADJUDGED AND DECREED** that Dora Wences' Declinatory Exception of Lack of Personal Jurisdiction and Peremptory Exceptions of No Cause of Action and No Right of Action are SUSTAINED, and that Third-Party Plaintiff, iBUILD, LLC's, Third Party Demand against Dora A. Wences is *dismissed without prejudice*.

(emphasis added).

The August 27, 2024 judgment grants the peremptory exceptions with

prejudice and dismisses iBuild's third party demand, which effectively bars reassertion of those claims. By contrast, the August 1, 2025 judgment expressly dismisses iBuild's third party demand without prejudice, thereby preserving iBuild's ability to refile its claims. This change constitutes a substantive modification of the judgment rather than a permissible change in phraseology under La. C.C.P. art. 1951. *Safeguard Storage Prop., L.L.C. v. Donahue Favret Contractors, Inc.*, 10-0673, 10-0855, p. 9 (La. App. 4 Cir. 3/31/11), 60 So.3d 110, 117. (La. C.C.P. art. 1951 "permits the trial court to amend a final judgment at any time '[t]o alter the phraseology of the judgment, but not the substance; or…[t]o correct errors of calculation'"). Louisiana jurisprudence recognizes that a trial court may substantively alter a final judgment in limited circumstances, including the filing of a timely motion for new trial. *Mercato Elisio, L.L.C. v. City of New Orleans*, 22-0228, p. 8 (La. App. 4 Cir. 12/21/22), 356 So.3d 505, 510. In this case, notice of the August 27, 2024 judgment was mailed on August 29, 2024, and a motion for new trial was timely filed on September 4, 2024. That motion was denied on April 15, 2025, after which the August 1, 2025 judgment was issued. Accordingly, the August 1, 2025 judgment constitutes the operative judgment for purposes of our review.

***Deficient Final Judgment***

Louisiana law requires that a judgment be signed by the judge who presided over the matter. *Jones v. Whips Elec., LLC*, 22-0095, p. 3 (La. App. 4 Cir. 9/16/22), 348 So.3d 849, 852 (citing *Reaney-Gates v. Mendoza*, 19-0912, p. 3 (La. App. 4 Cir. 2/19/20), 293 So.3d 77, 79). A judgment signed by a judge who did not preside over the hearing is invalid unless the signing authority is expressly

4

conferred by statute and the statutory requirements are strictly satisfied. *See Lassalle v. Napoleon*, 23-0705, p. 4 (La. App. 4 Cir. 4/11/24), 390 So.3d 805, 809.

La. R.S. 13:4209 provides in relevant part:

> In cases which are heard and in which judgment is rendered, but not signed, whether the case was taken under advisement or not, if the judge who rendered the judgment dies, resigns, or is removed from office, or if his term expires before signing judgment in the case, his successor in office shall have the authority to sign a judgment which conforms with the judgment rendered.

La. R.S. 13:4209(B)(1).

While La. R.S. 13:4209 does not expressly mandate particular decretal language relating to signing a judgment in a judge's capacity as a successor, jurisprudence has imposed strict requirements to ensure transparency, regularity, and jurisdictional validity when a successor judge signs a judgment.

In *Lassalle*, this Court dismissed an appeal without prejudice after determining the judgment failed to comply with La. R.S. 13:4209. Drawing from a line of cases interpreting La. R.S. 13:4209, this Court identified several jurisprudential requirements that collectively mandate that a successor judge's authority to sign a judgment under La. R.S. 13:4209 affirmatively appear on the face of the judgment. This Court explained that the successor judge must state that he or she: is acting pursuant to La. R.S. 13:4209; has reviewed the evidence previously introduced; has considered the merits of the case; and had before him or her the testimony and exhibits received by the predecessor judge. *Lassalle*, 23-705, pp. 4-5, 390 So.3d at 809-10 (citations omitted). When these conditions are satisfied and appear in the record, the judgment is deemed valid, final, and appealable. *Id.*, 23-705, p. 5, 390 at 809-10 (citations omitted).

The judgment at issue in *Lassalle* was deemed insufficient to invoke this

Court's appellate jurisdiction because it: (1) failed to state that a judge other than the signing judge presided over the hearing; (2) failed to indicate whether the successor judge reviewed the evidence upon which the oral ruling was based; and (3) failed to state that the signing judge was acting in her capacity as a successor judge. *Id.*, 23-705, p. 6, 390 So.3d at 810.

In the present matter, the August 1, 2025 judgment states that Wences's exceptions of lack of personal jurisdiction, no cause of action, and no right of action "came before this Honorable Court" on January 13, 2023. The transcript of the hearing reflects that Judge Giarrusso presided and, at the conclusion of which, orally granted Wences's exceptions. On August 1, 2025, Judge Hutabarat, the successor judge, signed a written judgment that states:

> **IT IS ORDERED, ADJUDGED AND DECREED** that Dora Wences' Declinatory Exception of Lack of Personal Jurisdiction and Peremptory Exceptions of No Cause of Action and No Right of Action are SUSTAINED, and that Third-Party Plaintiff, iBUILD, LLC's, Third Party Demand against Dora A. Wences is dismissed without prejudice.

We find the August 1, 2025 judgment fails to comply with the jurisprudential requirements of La. R.S. 13:4209. The judgment contains no reference to Judge Giarrusso as having presided over the January 2023 hearing of the exceptions and that Judge Hutabarat did not. Likewise, there is no recitation indicating that Judge Hutabarat reviewed the evidence on which Judge Giarrusso's oral ruling was based or considered the merits. Additionally, the printed signature line on the judgment states only "JUDGE MARISSA HUTABARAT." The judgment fails to indicate that Judge Hutabarat signed the judgment in her successor-judge capacity pursuant to La. R.S. 13:4209. As in *Lassalle*, the absence of these required recitations renders the August 1, 2025 judgment invalid.

6

Considering the record lacks a valid, final judgment signed in compliance with La. R.S. 13:4209, this Court lacks subject matter jurisdiction to consider this appeal.

***Supervisory Review***

Appellate courts have a duty to examine whether subject matter jurisdiction exists *sua sponte*, "even when the parties do not raise the issue." *Moon v. City of New Orleans*, 15-1092, p. 5 (La. App. 4 Cir. 3/16/16), 190 So.3d 422, 425 (citations omitted); *see also* La. C.C.P. art. 2162. The defect in this case is jurisdictional and cannot be cured by converting the appeal to an application for supervisory review. Without a valid judgment signed by the proper judicial authority, there is no valid ruling over which this Court may exercise supervisory jurisdiction. This Court has previously declined to exercise its supervisory jurisdiction when the written judgment sought to be reviewed was not signed by the proper judge. In *Mullins v. Mississippi Valley Silica Co.*, cited in *Lassalle*, this Court observed that the judgment from which the relators sought review was not a valid judgment because it was not signed by the correct judge as required under La. C.C.P. 1911, and accordingly declined to consider the writ application. *Mullins*, 08-0330 (La. App. 4 Cir. 3/20/08), 982 So.2d 209, 210. We see no reason to depart from that jurisprudence here.[1] In the absence of a judgment signed by a judge acting within the authority conferred by statute, there is no appealable judgment and no proper basis for supervisory review.

**CONCLUSION**

In that the record lacks a valid, final judgment signed in compliance with La.

---

[1] Although La. C.C.P. art. 1918 favors the amendment of judgments to reach the merits, we could find no court that has interpreted Article 1918 to permit the correction of a judgment that fails to identify the signing judge as a successor or otherwise comply with La. R.S. 13:4209.

R.S. 13:4209, this Court lacks jurisdiction to consider the appeal or to exercise supervisory review.

## DECREE

Accordingly, the appeal is dismissed, and the matter is remanded to the district court for further proceedings consistent with this opinion.

**APPEAL DISMISSED; REMANDED**