623 So.2d 692 (1993)
Sherlyn GALLE
v.
ORLEANS PARISH SCHOOL BOARD, et al.
No. 92-CA-0890.
Court of Appeal of Louisiana, Fourth Circuit.
August 19, 1993.
*693 Nicolas Estiverne, Nicolas Estiverne & Associates, New Orleans, for appellant.
Douglas C. Ellis, Covington, for appellee.
Sidney D. Torres, III, Gregory J. Noto, Law Offices of Sidney D. Torres, Chalmette, for intervenor.
Before PLOTKIN, JONES and LANDRIEU, JJ.
PLOTKIN, Judge.
This appeal presents two issues. First, the appellant, Sherlyn Galle, appeals the denial of her worker's compensation claim. The second is whether the attorney for the defendant acted unprofessionally and unethically at trial or whether the plaintiff's allegations of unprofessional and unethical misconduct, in brief, are unfounded and frivolous, which warrant sanctions. The appellant alleges that defense counsel violated the Louisiana Rules of Professional Conduct which constitute grounds for a new trial.
*694 Appellant, Sherlyn Galle, filed suit against the Orleans Parish School Board (OPSB), its insurer, Anglo American Insurance Company, and Louisiana Insurance Guaranty Association (LIGA), for worker's compensation benefits, after the office of worker's compensation rejected her claim. Thereafter, Dr. Lynn Posey, d/b/a St. Bernard Medical Clinic, intervened for the sum of $7,906.00 against the plaintiff and the defendants for medical care rendered to Ms. Galle. The defendants filed an exception of prescription and no cause of action, alleging that the claim was not timely filed within 30 days. The exceptions were overruled. After trial, a judgment was rendered in favor of the defendants, dismissing plaintiff's claim. A judgment was entered in favor of the intervenor, Dr. Lynn Posey, d/b/a St. Bernard Medical Clinic, against the plaintiff, Sherlyn Galle, only, in the sum of $7,906.00.
Plaintiff, Sherlyn Galle, an employee of OPSB, claims she was injured on April 14, 1989. Ms. Galle was a part-time bus attendant-aide assigned to assist Valerie Saucier, the driver assigned to operate a minivan which transports handicapped children to and from their home to school.
During the morning shift of April 14, 1989, plaintiff claims that Ms. Saucier reported to work emotionally upset. Ms. Saucier, and plaintiff, proceeded to Damian Walton's home, picked him up and loaded him into the van. He weighed approximately 260 pounds.
While traveling to the school to deliver Mr. Walton, Ms. Galle claims that Ms. Saucier made a sudden right turn and struck a street curb causing the passenger's wheelchair to tilt or fall over onto the floor. She claims that she injured her back when she attempted to pick him up or right the wheelchair; thereafter, she claims she never returned to work. Ms. Saucier testified that no accident occurred on April 14, 1989.
The trial court resolved the conflicts in testimony with extensive reasons for judgment. The trial judge concluded that the plaintiff did not report the accident until 40 days after the event supposedly occurred; that her first visit to a doctor was July 10, 1989, almost 3 months after the accident; that she was treated by five physicians, but failed to produce 4 of them who treated her for injury; and that she worked for approximately 4 days following the accident, despite her testimony to the contrary. Finally, the trial court found the testimony of Ms. Saucier, the van driver, that no accident occurred, to be more credible than that of Ms. Galle. For these reasons the trial court concluded that the plaintiff failed to prove that an accident occurred on April 14, 1989, which was the cause of her injuries.
After an extensive review of the record, we do not find an error of fact or that the trial court was clearly wrong in rejecting the plaintiff's claim for worker's compensation benefits.
Appellant contends that the professional and ethical misconduct of opposing counsel during trial is grounds to "void" the judgment and order a new trial. The first issue raised by appellant is framed as "whether or not a lawyer's violation of the Code of Professionalism constitutes misconduct sufficient to be cause for a new trial when such misconduct is found out after the trial of a case?" Counsel describes this violation as follows:
Counsel for defendant knew that his witness was lying under oath and he failed to stop her from doing so, instead he adhered with the witness.... Furthermore, Mr. Ellis advised the witness he knew would corroborate the testimony of the plaintiff not to show up for the trial because the Judge indicated that he was not needed. (Appellant Brief Pg. 5)
There is no evidence in this record via transcript, proffer or affidavit, to support the allegation that defense counsel permitted the bus driver, Ms. Saucier, to offer perjured testimony. This witness was extensively cross examined by plaintiff counsel, Mr. Estiverne, and there is no evidence that she testified falsely or evasively. Her testimony was not impeached and the trial court accepted her testimony as accurate and truthful. In the absence of any evidence to the contrary, we find no support for appellant's contention that defense counsel had knowledge of or allowed the witness to offer perjured testimony.
*695 Additionally, there is no basis for the statement that defense counsel Mr. Ellis informed the witness, Damian Walton, not to appear for trial. Plaintiff's counsel failed to take the proper step of issuing a subpoena for Damian Walton to testify at the trial. Additionally, there is no evidence to suggest that Damian Walton was a voluntary witness who was expected to appear at trial without the issuance of a subpoena. Appellant also failed to call Walton to testify at the Motion for New Trial. In oral argument to this Court, plaintiff counsel claimed that the trial judge refused to allowed him to present the testimony of Damian Walton at the motion for new trial. However, counsel failed to proffer any evidence concerning Damian Walton's factual knowledge or whether he was contacted by defense counsel prior to trial and told not to attend the trial. We find no evidence that Mr. Ellis violated Rule 3.4(a) of the Rules of Professional Conduct relating to the obstruction of another party's access to evidence. This assignment of error is without any merit.
Appellant frames issue number two as "Whether or not the agreement between Counsels at the hearing on the Exception of Prescription and/or No Right of Action constituted a stipulation that should have been considered binding although not reduced in writing?"
In brief and in oral argument, appellant's counsel contends that both parties, at the hearing on exceptions, stipulated to the occurrence of the accident; thus removing that as an issue. There is nothing in the record to support the alleged agreement and it is vigorously denied in brief by the appellee. The evidence preponderates in favor of the appellee that such an agreement did not exist. The record indicates that the plaintiff, on direct examination, attempted to prove the date and time of the accident and on cross examination, vigorously cross examined the driver of the bus and other witnesses in order to prove that an accident occurred. The record is devoid of any inference or suggestion of a stipulation. If a stipulation existed, it should have been presented at trial and included in the record. Failing to do so gives rise to the inference and conclusion that none existed. Therefore, because there is no evidence in the record that a stipulation was entered into between the parties and the record demonstrates extensive testimony on the issue of whether an accident occurred, this court concludes that no such agreement was entered into by counsel.
Counsel for appellant further contends in this assignment of error that, when it was discovered that the passenger on the bus was not going to testify, Ms. Saucier changed her testimony "after counsel for defendant probably informed her that Damian Walton was not going to be present at trial." The allegation that the witness changed her testimony based on a suggestion from defense counsel, again, is totally unsupported and unfounded in this record. For the reasons discussed, ante, regarding Ms. Saucier's testimony, we find this claim meritless.
The final issue raised by plaintiff's counsel is "Whether or not a lawyer has an obligation to reveal the truth and not allow his client or witness to lie when he or she is aware of the truth?". Appellant cites the Code of Professional Responsibility Section EC 7-26 claiming that "because of his [opposing counsel's] knowledge of the false testimony given by his witness after verifying the actual truth" Mr. Ellis violated the rules of professional conduct and the judgment is "null and void."
This allegation accuses defense counsel of knowingly participating and conspiring in the presentation of false or perjured testimony. Such a serious charge, against a member of the bar, requires a good faith basis or evidence to support the claim. There is not a scintilla of evidence to substantiate these allegations. Counsel for plaintiff failed to conduct any pretrial discovery or to offer evidence of any kind to support this allegation. At oral argument, appellant's counsel contended that this information was orally acquired from Damian Walton. However, there is nothing in this record to support counsel's statement or any reason for the this court to accept counsel's statement. Accordingly, this assignment of error is without merit.

*696 DAMAGES FOR FRIVOLOUS APPEAL:
The appellee filed an answer to the appeal seeking to have this Court award damages for a frivolous appeal and to hold plaintiff counsel in contempt of court for violation of Uniform Rule of the Courts of Appeal 2-12.4. While this Court is empowered under La.C.C.P. art. 2164 to award damages for a frivolous appeal, the appellee is required to file either an independent appeal or an answer requesting such damages. Dull v. Gibbs, 577 So.2d 806 (La.App.2d Cir. 1991). In the instant case, the appellees answer was filed untimely and the proper fee for the filing was not received by this court. Therefore, this Court will not entertain a request for damages for a frivolous appeal.

ADMONITION:
The issue of civility and professional conduct is of great institutional concern in the administration of justice. Every jurisdiction, including Louisiana, has rules to minimize unnecessary contention, abusive litigation and acts that range from incivility to obstruction of justice. The Louisiana lawyer's oath at admission requires attorneys to maintain the respect due to courts of justice and judicial officers and to abstain from all offensive personality. Rule 3.4 of The Louisiana Rules of Professional Conduct contains a section entitled "Fairness to Opposing Party and Counsels" which sets forth the standards of professionalism. Additionally, the Louisiana Supreme Court recently approved the Code of Professionalism. Article 7 of that code states "I will not engage in personal attacks on other counsel or the court ... and will not make unfounded allegations of unethical conduct about other counsel." This rule is in addition to article 3 which states, "I will conduct myself with dignity, civility, courtesy and a sense of fair play."
We believe that a lawyer's conduct should be characterized at all times by the personal courtesy and professional integrity enunciated in the rules above. The truth seeking adversarial process is designed to resolve human and societal problems in a civilized, rational and efficient manner. Conduct that may be characterized as uncivil, abrasive, abusive, hostile, dishonest or obstructive interferes with the fundamental goal of resolving disputes in a civilized, rational and efficient manner. Such conduct wastes limited judicial resources, increases transactional costs, delays justice and causes loss of public confidence in the judicial system. We cannot tolerate lawyers' conduct, toward the court and toward other lawyers, which violates these standards.
Under the Uniform Rules of the Appellate Courts of this State, attorneys are required to submit a brief which is "free from insulting, abusive, discourteous, or irrelevant matter or criticism of any person, class of persons or association of persons, or any court, or judge or other officer thereof." A violation of this rule shall subject the author of the brief to punishment for contempt of court. Uniform Rules of the Courts of Appeal 2-12.4.
In reviewing plaintiff counsel's brief, we look to both the content of the brief and any factual support for those statements to determine whether the material included in the brief violates Rule 2-12.4. The content of plaintiff's brief is detailed and profuse with allegations of professional misconduct, unethical and illegal behavior. Such allegations are insulting and offensive. Furthermore, these scandalous allegations are compounded by the fact that they are totally uncorroborated by any evidence. Thus, without any record evidence to support such offensive allegations, plaintiff counsel's brief is offensive to this court and in violation of Rule 2-12.4.
Whether to impose sanctions under this Rule is within the discretion of this Court. However, because it is Mr. Estiverne's first violation of our internal rules, we choose not to hold him in contempt. Rather, this Court reprimands Mr. Estiverne and directs him to consider carefully before filing a brief accusing a fellow member of the bar of ethical misconduct without any supporting evidence. Such transgressions will result in sanctions in the future.
CONCLUSION:
Accordingly, the judgment of the trial court denying plaintiff's claim is affirmed. *697 All costs of this appeal are assessed to the plaintiff.
JONES, J., concurring in part and dissenting in part, with written reasons.
JONES, Judge, concurring in part and dissenting in part, with written reasons:
I agree with my colleagues that the trial court was not clearly wrong in rejecting the plaintiff's claim for worker's compensation benefits based on the evidence adduced at the trial of the case. For this reason I concur in that part of the opinion affirming the judgment of the trial court.
However, I dissent from that portion of the judgment reprimanding the plaintiff's attorney.
In my opinion, an attorney who sincerely believes that opposing counsel has acted in an unprofessional manner and such action results in prejudice to his client has an affirmative duty to bring those actions to the attention of the court. If in fact, opposing counsel advised a witness favorable to the plaintiff not to show up for the trial because the Judge had indicated that he was not needed, such actions would have some degree of relevance to the issue of whether a new trial should have been ordered. For this reason, I find no fault with the actions of the attorney for appellant in bringing this matter to the court's attention. The fact that he did not proffer the necessary proof to substantiate his allegations does not constitute a sufficient reason for this court to find that his allegations were unfounded. Moreover, inclusion of this allegation in his brief does not constitute a violation of rule 2-12.4. That rule only prohibits the use of "insulting, abusive, discourteous, or irrelevant matter or criticism." The accusations made in the brief are directly related to appellant's claim that a new trial should have been granted.
In taking this position, I am not unmindful of the need for civility and professional conduct on the part of attorneys. However, I am equally mindful of the chilling effect that the threat of imposition of sanctions may have in cases such as this. To the extent possible, an attorney should be free to zealously represent his client, as long as it is done within the bounds of common decency. I do not believe that this court has sufficient evidence before it to make a determination that those bounds have been overstepped.
Moreover, while I agree that the allegations against opposing counsel would be insulting, if made without any basis in fact, counsel for the plaintiff orally represented to this court that the alleged witness told him that the attorney had indicated that the judge said his testimony was not needed. Further, he orally represented that he was prepared to present the testimony of this witness at the Motion for New Trial, but the trial judge would not allow the calling of the witness. The fact that he did not make a proffer certainly impaired his ability to win his case on appeal, but does not form a sufficient basis for holding that he violated Rule 2-12.4. I further take note of the fact that opposing counsel was certainly aware of the allegations made by plaintiff's attorney, yet chose not to appear at the oral argument. This certainly raises questions in my mind as to whether this court has sufficient information before it to conclude that the plaintiff's counsel violated Rule 2-12.4.
There is no question in my mind that by publicly reprimanding the plaintiff's attorney for allegedly violating Rule 2-12.4, without giving him a meaningful opportunity to be heard by way of defense or mitigation, this court has violated his rights to due process. The fact that the majority states that we "choose not to hold him in contempt" is of no consequence since the purposes to be served by a finding of contempt have, effectively been accomplished by the issuance of a reprimand.
Prior to issuing this very public type of reprimand, I believe the court should have advised the attorney that it was considering the imposition of sanctions for contempt prior to his appearance at oral argument. The record does not indicate that this was done.
Finally, I am also concerned about the precedent being set by issuing reprimands simply because the trial record does not contain evidence to support allegations against another attorney which this court finds offensive, without according an evidentiary hearing *698 when the Supreme Court has recently held that the Court of Appeal has no authority to impose sanctions for violation of pleading certification requirements, and can only impose sanctions for frivolous appeal. Although this court is not imposing sanctions pursuant to the pleading certification requirements of La.C.C.P. Art. 863, I believe the same considerations expressed in Josie Hampton v. Holly F. Greenfield, Et. AL., 618 So.2d 859 (La.1993) are applicable here.
Accordingly, I respectfully dissent from that part of the opinion reprimanding the plaintiff' attorney.