IN RE: PRECEPT CREDIT
OPPORTUNITIES FUND, L.P.
PRAYING FOR MONITION

    \*       NO. 2021-CA-0428

    \*

            **COURT OF APPEAL**

    \*

            **FOURTH CIRCUIT**

    \*

            **STATE OF LOUISIANA**

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-11508, DIVISION "C"
Honorable Sidney H. Cates, Judge
\* \* \* \* \* \*
**Judge Rosemary Ledet**
\* \* \* \* \* \*

(Court composed of Judge Rosemary Ledet, Judge Tiffany Gautier Chase, Judge Dale N. Atkins)

James E. Uschold
Mark J. Boudreau
JAMES E. USCHOLD, PLC
700 Camp Street, Suite 317
New Orleans, LA 70130

      COUNSEL FOR APPELLEE

M. H. Gertler
Jeremy N. Gettes
GERTLER LAW FIRM
935 Gravier Street, Suite 1900
New Orleans, LA 70112

      COUNSEL FOR APPELLANT

                **AFFIRMED; REQUEST FOR**
                **FRIVOLOUS APPEAL**
                **DAMAGES DENIED**
                **January 19, 2022**

This is a monition proceeding to confirm and homologate the tax sale title of immovable property. Precept Credit Opportunities Fund, L.P. ("Precept"), the tax sale purchaser, filed this proceeding pursuant to La. R.S. 47:2271 to 47:2280. From the trial court's judgment in Precept's favor, the former property owner, Karen Lewis, appeals. Precept answered the appeal, requesting frivolous appeal damages. We affirm and deny Precept's request for frivolous appeal damages.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2006, Ms. Lewis purchased immovable property located at 4716-18 Rosemont Place in New Orleans, Louisiana (the "Property").[1] As a result of Ms.

---

[1] The Property at issue is described as follows:

> A CERTAIN LOT OR PARCEL OF GROUND, together with all the buildings and improvements thereon and all of the rights, ways, privileges, servitudes, appurtenances and advantages thereunto belonging or in anywise appertaining, situated in the THIRD DISTRICT of the City of New Orleans, Parish of Orleans, State of Louisiana, in CARVER LANE SUBDIVISION, SQUARE NO. 8, bounded by Rosemont Place (formerly Carver Lane), Dreux Street, Prentiss Street, and rear line of the Subdivision on the side towards Rhodes Drive, designated as LOT NO. 3-A, which said lot commences as a distance of one hundred fifteen feet (115') from the corner of Dreux Street and Rosemont Place, and measures thence fifty feet (50') front on Rosemont Place, the same in width in the rear, by a depth of one hundred twenty-two and five-tenths feet (122.5') between equal and parallel lines; all as per survey of Errol E. Kelly, Surveyor, dated April 7, 1962.

1

Lewis' failure to pay the 2013 and 2014 *ad valorem* taxes, the Property was sold, in March 2015, by tax sale. The tax sale purchaser, Precept, acquired a 100% interest in the Property by tax sale title. A tax sale certificate was issued to Precept and was recorded, in April 2015, in the conveyance records.

After the expiration of the three-year redemptive period, Precept commenced this monition proceeding. In its petition, Precept named Ms. Lewis as a tax sale party whose interest in the Property it intended to terminate pursuant to La. R.S. 47:2275. Ms. Lewis filed an opposition, asserting the lack of proper pre-sale notice.[2] Both parties eventually filed cross-motions for summary judgment.

The trial court, on December 15, 2020, rendered judgment denying Ms. Lewis' summary judgment motion and granting Precept's cross-motion. In so doing, the trial court provided the following reasons for judgment:

> Defendant, Karen Lewis[,] claims that she was not properly noticed prior to the date of the sale. The 2008 revisions of R.S. 47:2286 declared that lack of pre-sale notice can no longer nullify a tax sale, as long as the debtor received at least post-sale notice six (6) months before the redemptive period expires. The Court finds that Defendant was aware of the tax sale by virtue of the post-sale notice, and a telephone conversation with Civic Source regarding the tax sale of her property [the Property]. Two post-sale notices went out and [were] not returned to sender, and Defendant Ms. Lewis spoke with [a] Civic Source representative on March 25, 2016. As a result, the Court finds that Defendant was duly notified of the tax sale in accordance with La. R.S. 47:2156. The redemptive period expired on April 28, 2018 and the [P]roperty was not redeemed.

---

[2] When, as here, an opposition is filed in a monition proceeding brought pursuant to La. R.S. 47:2271 to 47:2280, "the provisions regarding actions to annul under this Chapter shall apply." La. R.S. 47:2278. The governing provision regarding actions to annul provides that "[n]o tax sale shall be set aside except for a payment nullity, redemption nullity, or a nullity under R.S. 47:2162, all of which are relative nullities" and that "the action may be brought as . . . an intervention in a monition proceeding under R.S. 47:2271 through 2280." La. R.S. 47:2286.

Thereafter, on April 5, 2021, the trial court granted Precept's motion for entry of final judgment, observing in its reasons for judgment the following:

> On December 15, 202[0], this Court entered summary judgment in favor of Precept, confirming the validity of the tax sale of Defendant's property [the Property]. The judgment implicitly granted all the relief Precept prayed for in its Motion for Summary Judgment, however, the judgment itself did not explicitly contain decretal language to include a description of the Property or ownership of the Property.
>
> La. C.C.P. art. 1919 states that all final judgments, which affect title to immovable property, shall describe the immovable property affected with particularity. Additionally, jurisprudence has held that a judgment that simply states that a defendant's Motion for Summary Judgment is granted, is defective and cannot be considered a final judgment. *Moulton v. Stewart Enterprises,* [*Inc.*], No. 2017-0243 (La. App. 4 Cir. 8/3/17), 226 So.3d 569. Precept prayed for the relief it now seeks in its Motion for Summary Judgment, which the Court granted, and therefore is entitled to a judgment explicitly granting that relief.

Three days later, on April 8, 2021, the trial court issued a final judgment, granting the relief that Precept prayed for and declaring as follows:

- The tax sale evidenced by the tax sale certificate recorded in April 2015 is valid with respect to Ms. Lewis;

- Precept's monition is homologated, and its title to a 100% undivided interest in the Property held by Ms. Lewis is confirmed and quieted and Precept is the full owner of said interest;

- Ms. Lewis' interest in the Property is terminated; and

- Precept has the right to obtain a writ of possession to remove Ms. Lewis from possession and to be placed in possession of the Property consistent with its ownership rights.

This appeal from the final judgment followed.

## DISCUSSION

*Standard of review*

3

The applicable standard of review is as follows: "[a] summary judgment is reviewed on appeal de novo, with the appellate court using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; i.e., whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law." *Planchard v. New Hotel Monteleone, LLC*, 21-0347, pp. 2-3 (La. 12/10/21), ___ So.3d ___, ____, 2021 WL 5867945, *1. "[S]ummary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(A)(3).

On appeal, Ms. Lewis contends that the trial court erred in granting Precept's summary judgment motion for two reasons: (i) it relied on a post-sale notice that failed to comply with La. R.S. 47:2156, depriving her of due process; and (ii) there is a contested material fact as to the redemption amount due. Precept counters that neither of Ms. Lewis' assigned errors is properly before this court given her failure to raise either issue before the trial court, resulting in a waiver of these issues. Regardless, Precept contends that neither issue has merit. As noted at the outset, Precept answered the appeal requesting frivolous appeal damages.

We divide our analysis into the four following issues: (i) waiver; (ii) validity of post-sale notice; (iii) lack of genuine issue of material fact; and (iv) frivolous appeal damages. We separately address each issue.

*Waiver*

4

A well-settled jurisprudential rule is that an appellate court will not address an issue raised for the first time on appeal that was not pled, urged, or addressed in the trial court; for ease of discussion, we refer to this as the "waiver rule."[3] Although Ms. Lewis acknowledges she failed to raise either of the issues she raises on appeal before the trial court, she nonetheless contends that the waiver rule does not apply. In support, she cites the fact that Precept raised these issues when it argued in the trial court that its post-sale notice satisfied La. R.S. 47:2156. She further contends that the trial court decided these issues when it held that "the defendant was duly notified of the tax sale in accordance with La. R.S. 47:2156." We find this argument persuasive.[4]

A similar issue was addressed by the Louisiana Supreme Court in *Lambert v. Bond*, 234 La. 1092, 1100, 102 So.2d 467, 470 (1958)—a monition proceeding to quiet tax title. There, the appellant was one of two parties opposing the monition proceeding and seeking to nullify the tax sale. Before the trial court, the other

---

[3] *See Louisiana High School Athletics Association, Inc. v. State of Louisiana*, 12-1471, p.15 (La. 1/29/13), 107 So.3d 583, 596, n. 13 (observing that "[s]ince these arguments are being raised for the first time on appeal, they are barred from our review."); *Johnson v. State*, 02-2382, p. 4 (La. 5/20/03), 851 So.2d 918, 921; *Waiters v. deVille*, 20-0556, p. 23 (La. App. 4 Cir. 12/30/20), ___So.3d ___, ___, 2020 WL 8455459, *11 (observing that "[t]he claim regarding fraud and ill practices was not asserted before the trial court and is being raised on appeal for the first time; thus, this Court will not address this claim"), *writ denied*, 21-00283 (La. 4/13/21), 313 So.3d 1249; *see also* Uniform Rules - Courts of Appeal, Rule 1-3 (providing "[t]he Courts of Appeal will review only issues which were submitted to the trial court . . . unless the interest of justice clearly requires otherwise").

[4] Although we find the circumstances presented here dictate not applying the waiver rule, we acknowledge that the waiver rule generally applies when a party is seeking to switch defenses on appeal. *See McLane S., Inc. v. Bridges*, 13-1819 (La. App. 1 Cir. 11/3/14), 2014 WL 5588893, *5. (*unpub.*) (observing that "[h]aving met with a lack of success at the trial court with that defense, [appellant] has now shifted to a new defense at this court" and applying the waiver rule to preclude considering the new defense); *Smith v. Ochsner Health Sys.*, 956 F.3d 681, 688 (5th Cir. 2020) (observing that "if a party fails to assert a legal reason why summary judgment should not be granted, that ground is waived and cannot be considered or raised on appeal").

opposing party—James Terry, a non-party to the appeal—raised the defense of the sufficiency of the description under which the property was advertised and sold. On appeal, the appellant assigned as error the same defense. The appellee countered that the waiver rule applied given the appellant's failure to raise the issue in the trial court. Refusing to apply the waiver rule, the Louisiana Supreme Court cited two factors:

> [First,] the issue as to the sufficiency of the description under which the property was sold was tendered by Terry in the district court and was actually passed on by the judge. Therefore, the pronouncements relied on are not pertinent as they are founded on the premise that a reviewing court will not pass on issues which have not been raised or disposed of in the trial court. Furthermore, this is a monition proceeding and, under R.S. 13:4945, the judge is cautioned not to homologate and confirm a judicial sale unless '* * * he shall be fully satisfied that the advertisements have been inserted in the newspapers, as already directed, and that the property has been correctly described, and the price at which it was purchased, truly paid'.

*Lambert*, 234 La. at 1100, 102 So.2d at 470.

Both factors the Supreme Court cited in *Lambert* are present here. First, in the trial court, another party—Precept—raised the issue of the validity of the post-sale notice under La. R.S. 47:2156; and the trial court ruled on that issue in granting Precept's summary judgment motion. Second, this case, like the *Lambert* case, is a monition proceeding to quiet tax title. Given these factors, we refuse to apply the waiver rule and turn to the two issues Ms. Lewis raises on appeal.

*Validity of Post-Sale Notice*

The first issue Ms. Lewis raises is the validity of the post-sale notice. She contends that the post-sale notice was deficient solely because it failed to state the

amount due to redeem, as required by La. R.S. 47:2156.[5] This court, in two recent cases, has rejected a similar argument. *Side by Side Redevelopment, Inc. v. Magee*, 20-0667, p. 14 (La. App. 4 Cir. 6/23/21), 324 So.3d 688, 697, *writ denied*, 21-01081 (La. 11/17/21), 327 So.3d 992;[6] *Stow-Serge v. Side by Side Redevelopment, Inc.*, 20-0015, p. 8 (La. App. 4 Cir. 6/10/20), 302 So.3d 71, 78, *writ denied*, 20-00870 (La. 10/14/20), 302 So.3d 1120.

In *Stow-Serge*, this court observed that "it is clear from the language in the statute and the 2008 comments that La. R.S. 47:2156(B)(2) is directory in nature and provides a safe harbor for compliance with the statutory mandates" and that "there is no penalty provided for failure to comply with the directives set forth in La. R.S. 47:2156 because it is not fatal to the legal sufficiency of the notice." 20-0015, p. 8, 302 So.3d at 78. Citing *Stow-Serge* as controlling, this court in *Side by Side Redevelopment* observed that "[t]he omission of the amount of overdue taxes was not fatal to the post-tax notice." 20-0667, p. 14, 324 So.3d at 697.

We further observed in *Stow-Serge* that "there is no dispute that an effort meeting the requirements of due process of law to provide notice in accordance with La. R.S. 47:2156 was made" and that the post-sale notice included the following categories of information: (i) the property listed; (ii) the notice of the

---

[5] The requirement imposed by the statute is set forth in La. R.S. 47:2156(B)(2), which provides that "[t]he notice shall specify the property upon which the taxes are delinquent, the amount of taxes due, and the manner in which the property shall be redeemed. . . ."

[6] In *Side by Side Redevelopment*, we observed that "[d]uring the summary judgment hearing, counsel for [appellant] raised the applicability of *Stow-Serge* to the instant matter. However, *Stow-Serge* was pending before the Supreme Court on writs at that time, which SBS noted in response. The Supreme Court denied writs in *Stow-Serge*, following the summary judgment hearing in this matter." 20-0667, p. 7, 324 So.3d at 693, n. 5.

sale; (iii) the notice of the right to redeem; (iv) information on how to redeem; (v) notice of the date of expiration of that right; and (vi) the tax bill and instrument number by which to identify the amount owed. 20-0015, p. 8, 302 So.3d at 78. Likewise, we made a similar observation in *Side by Side Redevelopment*, 20-0667, pp. 12-13, 324 So.3d at 696-97, regarding the content of the post-sale notice. In both those recent cases, we found the post-sale notice was legally sufficient to comply with due process, despite the failure to include in the notice either the amount of taxes due or the redemption amount. *Id.*

By analogy, the post-sale notice Ms. Lewis admits she received contained the same categories of information as the notices in those two recent cases. Our holdings in those two recent cases, thus, belie Ms. Lewis' contention that the post-sale notice she received was insufficient to comply with due process. Given Ms. Lewis fails to raise any other issue as to the validity of the post-sale notice coupled with her acknowledgement that she actually received the notice, we find this contention unpersuasive.

*Lack of Genuine Issue of Material Fact*

Ms. Lewis next contends that there is a genuine issue of material fact as to the redemption amount due, precluding the grant of summary judgment. The flaw in this contention is that, given the passage of the three-year redemption period, Ms. Lewis no longer has the right to redeem the tax sale. The amount due for redemption, thus, is not a material fact. *See Robertson v. Kearney Cos.*, 20-0605, pp. 4-5 (La. App. 4 Cir. 3/25/21), 315 So.3d 931, 935 (quoting *Smith v. Our Lady*

8

*of the Lake Hosp., Inc.*, 93-2512, p. 27 (La. 7/5/94), 639 So.2d 730, 751) (defining a material fact as one that potentially insures or prevents recovery, affects a litigant's ultimate success on the merits, or determines the outcome of the case). This issue, thus, lacks merit.

*Frivolous Appeal Damages*

Precept answered Ms. Lewis' appeal requesting frivolous appeal damages. In its answer, Precept also requested that this court issue a declaratory judgment that it is not necessary for an appellee to file an answer or a cross-appeal in order to seek damages for frivolous. We reject both of its requests.

Precept's first request for a declaratory judgment is an invitation that this court revisit the well-settled jurisprudential rule that an appellee seeking frivolous appeal damages is mandated to file either an answer to the appeal or a cross-appeal from the trial court's judgment. *See* Roger A. Stetter, LA. PRAC. CIV. APP. §11:18 (2021) (citing La. C.C.P. art. 2133 and *Galle v. Orleans Par. Sch. Bd.*, 623 So.2d 692 (La. App. 4th Cir. 1993)). We decline Precept's request to revisit the mandatory requirement.

Precept's second request, included in its answer, is for frivolous appeal damages. Frivolous appeal damages are authorized, in an appropriate case, by statute; La. C.C.P. art. 2164 provides that "[t]he court may award damages, including attorney fees, for frivolous appeal." *See also* Uniform Rules - Courts of Appeal, Rule 2-19 (providing that "[t]he court may award damages for frivolous appeal in civil cases as provided by law"). But, the statute authorizing frivolous appeal damages must be strictly construed in the appellant's favor given that it is penal in nature. *Sullivan v. Malta Park*, 16-0875, pp. 5-6 (La. App. 4 Cir. 1/31/17),

9

215 So.3d 705, 709 (quoting *Hunter v. Maximum Grp. Behavioral Servs., Inc.*, 10-0930, p. 6 (La. App. 4 Cir. 3/16/11), 61 So.3d 735, 739).

Likewise, the jurisprudence has imposed a strict standard for awarding frivolous appeal damages, which this court summarized as follows:

> Appeals are always favored and, unless the appeal is unquestionably frivolous, damages will not be granted. . . . [A]n appeal is frivolous if it does not present a substantial legal question, if the sole purpose of the appeal is delay, or if the appealing counsel does not seriously believe the view of the law that he advocates. However, this court is reluctant to grant frivolous appeal damages because of the chilling effect it may have on the appellate process.
>
> Damages for a frivolous appeal will be awarded if the appellant is attempting to delay the action, if the appellant does not believe what he is advocating, or if the appeal presents no substantial legal question. Damages for frivolous appeal are properly awarded only when the proposition advocated is so ridiculous or so opposed to rational thinking that it is evident beyond any doubt that it is being deliberately professed for ulterior purposes.

*Alexander v. La. State Bd. of Private Investigator Examiners*, 19-0778, p. 20 (La. App. 4 Cir. 4/1/20), 293 So.3d 1243, 1256-57, *writ denied*, 20-01072 (La. 11/10/20), 303 So.3d 1039 (internal quotations and citations omitted).

Although a successful appeal is not a frivolous appeal by definition, an unsuccessful appeal is not necessarily a frivolous appeal. *Miralda v. Gonzalez*, 14-0888, pp. 33 (La. App. 4 Cir. 2/4/15), 160 So.3d 998, 1019. Indeed, "[t]he slightest justification for an appeal precludes damages for a frivolous appeal." *Collins v. Franciscan Missionaries of Our Lady Health System, Inc.*, 19-0577, p. 11 (La. App. 1 Cir. 2/21/20), 298 So.3d 191, 198, *writ denied*, 20-0480 (La. 6/22/20), 297 So.3d 773. Only when an appeal is "unquestionably frivolous" is an award of frivolous appeal damages appropriate. *Hampton v. Greenfield*, 618 So.2d 859, 862 (La. 1993).

10

Applying these principles here, we cannot classify this appeal as "unquestionably frivolous." The record does not reflect that Ms. Lewis filed this appeal in bad faith or for delay purposes. Nor does the record reflect that her counsel lacked a serious belief in the law advocated in this appeal. Thus, Precept's request for frivolous appeal damages is denied.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed; Precept's request in its answer for frivolous appeals damages is denied.

**AFFIRMED; REQUEST FOR FRIVOLOUS APPEAL DAMAGES DENIED**